## COUNTY OF WALDO.

### ABNER HURD *versus* HUGH COLEMAN.

A party, whose legal rights to real estate have been determined by the judgment of a court of law, may enter into possession as well without as with the intervention of an officer, and such entry, without force, will be equally valid and effectual for all purposes as if the officer having the execution had put the party in possession.

An actual entry by a demandant into premises for which he has recovered judgment before a court of competent jurisdiction, establishes his seizin and title although no writ of possession has issued.

The statutes of 1821, c. 39, § 1, provided that a mortgagee might enter into the mortgaged premises and foreclose the mortgage in three years, either "by *process of law*, or by the consent in writing of the mortgager or of those claiming under him, or by the mortgagee's taking peaceful and open possession of the mortgaged premises in presence of two witnesses" : — *Held*, that an entry by the mortgagee, after the writ of possession had issued, or after the time within which by law it should have issued, would be an entry "by process of law," and would as effectually foreclose the mortgage as if he had been put in possession by an officer having the writ.

An assignee of a mortgage and the notes secured thereby, may prosecute suits pending thereon in the name of the assignor, to final judgment, for his own use and benefit, and derive all the resulting rights that would have accrued to the assignor.

An assignment of a mortgage, after an entry for foreclosure, will not of itself stay the foreclosure.

The assignee of a mortgage obtained a conditional judgment against a purchaser of the equity, and executed his writ of possession, the owner of the equity thereupon becoming the tenant of the assignee, and agreeing to pay him rent, — *held*, that such possession of the assignee, continued for the time required by statute, foreclosed the mortgage.

The assignee of a mortgage, after recovering judgment in the name of the assignor, but for his own use and benefit, and before the writ of possession issued, entered into the premises, openly, peaceably, and with the assent of the mortgager, and continued in possession *after* the writ issued : — *Held*, that from the time the writ of possession issued, the assignee could protect and justify his possession, under the statute, "by process of law," and that the foreclosure may be considered as commencing at the date of such writ and as being complete at the expiration of three years from that time.

A mortgager is bound to know of a judgment rendered against him; of its legal effect; of the issuing of a writ of possession, or when, by law, it might issue.

Twenty years undisturbed possession by a mortgagee or his assignee, operates as a bar to the right of redemption, unless the mortgager can bring himself within the proviso in the statute of limitations.

When a foreclosure is perfected, and the mortgaged premises exceed in value the notes secured, they must be deemed as paid, and no action can be maintained upon them.

The lien of a mortgagee attaches equally for the debt and for the costs necessarily incurred in the enforcement of his rights.

ON REPORT from *Nisi Prius*.

DEBT on a judgment recovered March 26, 1836, damage $130,38, and costs $21,28, and on a judgment recovered fourth Tuesday of March, 1836, for possession of a certain parcel of land situated in Unity, in said county, and for $43,43 costs.

Plea, *nil debet*.

All the facts, essential to a proper understanding of the points in issue, are stated in the opinion of the Court.

After the evidence was out, the case was taken from the jury, and submitted to the full Court.

*L. W. Howes*, for plaintiff.

In order to foreclose a mortgage under the statutes, the statutes must be *strictly followed*. 29 Maine, 56.

The statute requirement that possession taken by the mortgagee should be open, &c., and "in the presence of *two witnesses*," was, not only that the mortgager should have notice when the time of redemption began to run, but that it should be made *public*, so that all others might have the same knowledge of the same fact; otherwise, why does the statute say *two* witnesses instead of *one*?— or, why even in the presence of *any* witness? If the intention of the statute was only that

the mortgager should have *notice*, why did it not say *notify* him, either in writing or verbally, instead of requiring the *notoriety* of taking possession in the presence of two witnesses?

In order to give such taking possession still more publicity, our Revised Statutes require a *certificate* of such entry to be made and sworn to, by such witnesses, and such *certificate to be recorded in the registry of deeds.* Chap. 125, § 3.

But it is a general principle, well settled, that where the statutes prescribe a *specific* way in which a thing is to be done, the statute must be *strictly followed.* 29 Maine, 56; 24 Maine, 155; 2 Hilliard on Mortgages, c. 36, § 8.

Every clause and word of a statute shall be presumed to have some force and effect. 22 Pick. 573.

*J. Williamson*, for defendant.

1. The object of the statute, in providing that open and peaceful possession taken by the mortgagee should be accompanied by the consent in writing of the mortgager, or attested by the presence of two witnesses, was, to bring home to the mortgager notice of the time of the mortgagee's entry, that he might be aware of the exact time when the right to the property would cease, and be forever foreclosed.

There is a case in Massachusetts which applies to this point. The question was raised whether a bare entry in presence of two witnesses, as required by statute, without actual possession for three years, was sufficient to foreclose the mortgager's right to redeem. The entry had been actually made before two witnesses, and also a record of the entry had been made in the registry of deeds. But the Court held that there had not been sufficient notice to the mortgager of the mortgagee's entry. They said, "a bare entry, although in the presence of witnesses, is not sufficient for the purpose of foreclosing an equity of redemption. The entry must be open and peaceable, and actual possession must be taken. The object intended by law is, that the mortgager may know when the three years commence, beyond which his right to redeem will cease." *Thayer & al.* v. *Smith*, 17 Mass. 431.

2. "Statutes are sometimes merely directory, and, in that

case, a breach of the direction works no forfeiture or invalidity of the thing done." 1 Kent's Com. 465.

In the case at bar, the answer in equity of Hiram Hurd, jr., shows an entry on his part, and that he previously gave actual personal notice to Coleman of his intention to enter for the purpose of foreclosing the mortgage, and that Coleman expressed his entire willingness that he should so enter. *Taylor* v. *Weld*, 5 Mass. 119; *Pomroy* v. *Winship*, 12 Mass. 519; *Boyd* v. *Shaw*, 14 Maine, 58.

In *Pease* v. *Benson*, 28 Maine, 353, SHEPLEY, J., says, "It is the actual entry into possession for condition broken that may effect in due time a foreclosure, being made by the written consent of the mortgagee or his assignee. The written consent is of no effect, but to make such entry lawful."

"It has already been decided, that when the mortgagee shall enter after condition broken, it shall be presumed that he entered for that cause; and the time for foreclosure shall run from that entry." 12 Mass. 518.

3. It is well settled that the mortgagee has a choice of remedies. He may bring an action on the bond or note, or he may proceed against the mortgager on the mortgage deed, and take the land in payment of his debt. 4 Kent's Com. 183; Hilliard on Mortgages, c. 21, § 1. Even after the mortgagee has recovered judgment on his note, he may then have his remedy upon the land, because there has been no actual satisfaction of the judgment; no payment of the debt. *Hill* v. *Rider*, 5 Cush. 231. But when the debt is satisfied by execution, or by the mortgagee taking possession, and foreclosing the mortgaged property, the choice of remedies is gone. The mortgagee having once foreclosed the property mortgaged, and obtained absolute ownership thereof, can, however, still recover the balance of the debt, if any part remains unsatisfied, out of the mortgaged estate. "The foreclosure of a mortgage, given to secure the debt, may be shown as a payment, made at the time of complete foreclosure; but if the property mortgaged is not at that time equal in value to the amount due, it is only payment *pro tanto*." 2 Greenl.

Ev. 524; (also 2 Greenl. Cruise on Real Property, 199, note.)

This is the law of Connecticut, as appears from *Bassett* v. *Mason*, 18 Conn. 131. " When the value of the property mortgaged exceeds the mortgage debt, a foreclosure of the mortgage having become absolute, operates, even at law, as a payment of the mortgage debt. The law is equally well established in Massachusetts. In *Hedge* v. *Holmes*, 10 Pick. 380, SHAW, C. J., says : " It is now a well settled rule of law in Massachusetts, that when a bond or simple contract debt is secured by mortgage, and the mortgagee enters for condition broken, and proceeds to foreclose, so as to hold the land free of redemption, he shall be deemed to have taken it in payment. If the value of land equals or exceeds the debt, it shall enure by way of payment, *pro tanto*, and the value shall be ascertained by appraisement, where suit is brought for the debt." So, in *Amory* v. *Fairbanks*, 3 Mass. 562, it had before been decided that one who brings an action on a bond for which a mortgage is given, and the land entered upon, can only recover the amount of the bond after deducting the value of the land.

But it is sufficient for this case that the law in Maine is the same, with respect to the foreclosure of the mortgage and the right of the mortgagee to recover the *deficit*, as in Massachusetts and Connecticut. *Vose* v. *Handy*, 2 Maine, 322. In a recent decision, where this point was exactly raised, the Court say that it is now to be considered as well settled law that " the holder of a personal obligation, (or a judgment thereon,) for which a mortgage of real estate has been given, as collateral security, may recover the balance of the debt due, deducting the value of the mortgaged premises at the time of foreclosure." 36 Maine, 278.

4. The costs recovered in the action for possession, being a part of the mortgage debt, should be offset by the value of the mortgaged premises at the time of foreclosure.

" The mortgaged property constitutes a *fund* for the payment of the mortgage debt and costs," says the Court, in *Cox*

v. *Wheeler,* 7 Paige's Ch. 258. In *Jones* v. *Phelps,* where there were two mortgages, and a suit for foreclosure was brought, it being necessary, according to the law of New York, that there should be *a sale* of the property, WALWORTH, Ch., decreed that the amount due on the first mortgage should be *first* paid, and *also the costs and expenses of the sale,* and afterwards the second mortgage should be satisfied. 2 Barb. Ch. 440. We cite this decree to show that the costs of collection are considered as belonging to, and a part of the sum due, and secured by the mortgage.

In *Porter* v. *Pillsbury,* 36 Maine, 278, before cited, the action being brought on a judgment and costs, the Court decided that so much of the *debt and costs* as remained unsatisfied out of the property could be recovered.

So in *White* v. *Hatch,* 2 Gallison, 152, a case like the one now under consideration, payment of costs was pleaded, but it does not appear from the decision of the Court that the costs were distinguished, in their opinion, from the debt; and in the case which Judge STORY cites to this part of his decision, (*Amory* v. *Fairbanks,* 3 Mass. 562,) there was no distinction made, but it was ruled that the debt and costs must be satisfied out of the property. 15 Conn. 27.

APPLETON, J.—The proof is undisputed, that the plaintiff, holding notes, and a mortgage for their security, on certain premises in the town of Unity, commenced suits on one of the notes, and on the mortgage, which were duly entered at the March term, 1833, of the Court of Common Pleas, holden in and for the county of Waldo; that on the 6th of September, 1835, and while these actions were pending, he assigned the notes and conveyed by deed his interest in the mortgaged premises to Hiram Hurd, jr.; that these actions were continued upon the docket till March term, 1836, when judgments were rendered for the plaintiff in each action; that the assignee of the mortgage, finding the mortgaged premises vacant, with the knowledge and consent of the defendant, and for the purposes of foreclosure, entered into possession thereof,

about the 18th of April, 1836, between the rendition of judg-ment and the 22d of July following, when the writ of posses-sion issued; that the assignee continuing in possession, the defendant, at the July term, 1839, filed in this Court a bill in equity for the redemption of the mortgaged estate against the present plaintiff and his assignee Hiram Hurd, jr.; that they severally appeared and filed answers thereto; that this bill not having been successfully prosecuted, said Hiram con-tinued in possession till sometime in 1840, when he sold the premises for nearly two hundred dollars more than the amount due on the mortgage notes; and that his grantee, and those claiming under him, have remained in undisturbed possession thereof from that to the present time.

Upon these facts, the defence relied upon, is, that the mort-gage to the plaintiff has been foreclosed, and being foreclosed, that the mortgage debt and the costs accruing upon the notes and the mortgage in their enforcement, have been paid by the foreclosure; and, therefore, that this action is not maintainable.

It seems well settled that a party, having his legal rights to real estate determined by the judgment of a court of law, may enter as well without as with the intervention of an officer; and that such entry will be equally valid and effectual for all purposes, as if an officer having the execution had put the par-ty in whose favor it was rendered, in possession. "But," says HOLT, C. J., in *Withers* v. *Harris*, 2 Ld. Raym. 806, "he must take care that he do not enter with force." " That a man who has a judgment for possession," remarks PARSONS, C. J., in *McNeil* v. *Bright*, 4 Mass., 282, "may enter without a writ, is common learning, and indeed is not denied." In *Gilman* v. *Stetson*, 16 Maine, 124, this Court held that where judg-ment has been rendered for the land demanded, in favor of the demandant, by a court of competent jurisdiction, and he has made an actual entry, his title and seizin is thereby estab-lished, although no writ of possession has issued. These views subsequently received the sanction of this Court, in *Gilman* v. *Stetson*, 18 Maine, 428, and in *Phillips* v. *Sinclair*, 20 Maine, 269.

By the statutes of 1821, c. 39, § 1, which were in force, the mortgagee may enter into the mortgaged premises and foreclose the mortgage in three years, " provided, however, that the entry above described shall be by process of law, or by the consent in writing of the mortgager, or those claiming under him, or by the mortgagee's taking peaceable and open possession of the premises mortgaged in presence of two witnesses."

Had the entry in the present case been by the mortgagee, after the writ of possession issued, or even after the time within which, by law, it should have issued, it is apparent that such entry would be regarded as " by process of law," and would be equally effectual to foreclose the mortgage, as if he had been put in possession by an officer having the writ of possession.

The entry being by an assignee after judgment, and before the writ of possession issued, or could legally issue, can it be regarded as an entry under and by " process of law," so as to be available against the defendant, as a foreclosure ?

The mortgage notes and the mortgage were assigned to Hiram Hurd, jr., while the suits, for the collection of the note and for the possession of the mortgaged premises, were pending. The assignee, by virtue of his assignment, might prosecute these suits to final judgment, in the name of the assignor and for his own benefit. The judgment obtained, and the estate vacant, no reason is perceived why the assignee, succeeding to the rights of the assignor, might not enter upon the premises, nor why his entry should not justly be regarded as " by process of law," his title having been duly recorded. It was held, in *Cutts* v. *York Manufacturing Co.*, 18 Maine, 191, where the assignees of a mortgage, after having entered to foreclose, had released their interest in the mortgaged premises to the assignor, that he might avail himself of the entry to foreclose, made by the assignees, equally as they might if the mortgage had remained in their hands. So a mortgage may be assigned after an entry for the purposes of foreclosure, and the assignment will not, of itself, stay the foreclosure.

*Deming* v. *Cummings*, 11 N. H., 475. So, if the assignee of a mortgage obtains a conditional judgment against the purchaser of the equity, and executes a writ of possession, and the owner of the equity thereupon becomes the tenant of the assignee, agreeing to pay him rent; a possession thus held during the time required by the statute, will foreclose a mortgage. 11 N. H., 475.

The entry of the assignee was open, peaceable, and with the assent of the mortgager. It was after the rendition of judgment and before the writ of possession. "It was held in this Court," says HOLT, C. J., in *Withers* v. *Harris*, 2 Raym. 806, "that the plaintiff might enter pending the writ of error upon the judgment in ejectment, if he could find the possession empty; for the writ of error binds the Court but not the right of the party." After the writ of possession, the assignee of the mortgage still occupied the mortgaged premises. From the time when that issued, he could protect and justify his possession "by process of law." It is apparent from the facts, that the defendant, in 1839, filed a bill in equity for the redemption of these premises, and, from the answers of the plaintiff and his assignee, who were both parties, and whose answers are admissible in evidence, that the defendant was fully aware of the entry of the assignee and of the purposes for which it was made. He was bound to know of the judgment rendered against him and of its legal effect. He was bound to take notice of the issuing of the writ of possession, or when by law it might issue. The assignee must be regarded as being in possession, by process of law, after the writ of possession issued; and, as the defendant had full knowledge of these proceedings, the foreclosure may be considered as commencing at that time and as having been perfected after the expiration of three years from that date.

The assignee of the mortgage, Hiram Hurd, jr., and those claiming under him, have been in undisturbed possession of the premises for more than twenty years, without any interference on the part of the defendant, except his ineffectual effort to redeem by his suit in equity in 1839. It is a well

settled rule in equity, that twenty years undisturbed possession by the mortgagee or his assignees, operates as a bar to the right of redemption, unless the mortgager can bring himself within the proviso in the statute of limitation. *Phillips* v. *Sinclair*, 20 Maine, 269.

The foreclosure being perfected, and the mortgaged premises being taken in payment and exceeding in value the mortgaged notes, they must be deemed as paid.

The only remaining inquiry is as to the costs in the suits, for the purpose of foreclosing the mortgage, and on one of the notes thereby secured. Costs necessary for the enforcement of the rights of the creditor, may be regarded as incident to the debt. The lien of the mortgagee, upon the premises mortgaged, attaches equally for the debt and for the costs necessarily incurred in the enforcement of the rights of the creditor. It is in consequence of the neglect of the debtor that resort is ever had to legal process. The party imposing this necessity is not to avoid or escape the consequences of his omission to perform his contracts. The estates of the mortgager are justly chargeable with the costs which the mortgagee necessarily incurs in protecting his rights and enforcing his claims against a reluctant or dishonest debtor. *Jones* v. *Phelps*, 2 Barb. Eq. 440; *Cox* v. *Wheeler*, 7 Paige, 248; R. S., c. 125, § 9.

As the estate mortgaged is shown to have exceeded in value the mortgage debt, and the costs accruing in attempting to enforce its payment, the judgments in suit have been paid, and consequently this action is not maintainable.

*Plaintiff nonsuit.*

TENNEY, C. J., and RICE, HATHAWAY, GOODENOW and MAY, J. J., concurred.