EMMET's administrators *vs.* BRADSTREET.

Where lands of a debtor are sold under execution, and a junior judgment creditor *redeems* them from the purchaser, such redemption is no bar to an action at law to enforce payment of the judgment, although the value of the lands redeemed far exceeds the amount of the judgment and the money paid on the redemption.

DEMURRER to plea. The plaintiffs declared in *debt* on a judgment obtained by the intestate against the defendant for $20,000 debt, and $36.17 damages, rendered in the term of February, 1824. The defendant pleaded, that on the 16th May, 1822, a judgment was recovered against her in favor of one George H. Newbold, for the sum of $632.53, upon which judgment an execution was issued and delivered to the sheriff of Delaware, who by virtue thereof, on the 2d October, 1823, sold all the right, title and interest of her, the defendant, in and to an undivided moiety of a lot of land containing 1,050 acres, and in and to the whole of another lot containing 603 acres ; that on the 1st January, 1825, the intestate in his lifetime, as a judgment creditor of the defendant, and by virtue of the judgment set forth in the declaration, caused the right, title and interest, of the defendant in and to the said two lots to be *redeemed*, and afterwards, on the third January, 1825, received and accepted from the sheriff of Delaware, a deed of the said premises in fee, the same being of great value, to wit, of the value of $25,000, and this, &c., wherefore, &c. To this plea the plaintiffs put in a *general* demurrer.

*D. Selden*, for the plaintiffs insisted, that the plea was no answer to the declaration, inasmuch as the redemption of the lands is not an extinguishment of the judgment. The statute under which the redemption was had, does not declare that it shall be an extinguishment. When the redemption took place all right and interest of the debtor in the lands had ceased, the time for redemption by her having expired.

Still *v.* Hall.

*J. L. Tillinghast*, for the defendant, contended, that as the judgment declared upon had been fully satisfied by a course of legal proceedings, provided by law to enable creditors to obtain satisfaction of judgments against their debtors, the plea ought to be sustained. In support of his argument he cited 7 *Cowen*, 553; 1 *Id.* 456, 457 *and* 510.

THE COURT gave judgment for the plaintiffs, holding that the creditor by the redemption takes the title, and stands in the place of the *purchaser*, whose title as against the judgment debtor had become perfect previous to the time when the creditor obtained the right to redeem. The redeeming creditor is bound to extinguish intermediate liens, and so far forth the debtor is benefited; but the judgment of the redeeming creditor remains unaffected.

Judgment for the plaintiffs.