1840.

Van Horne
v.
McLaren.

---

## Van Horne *vs.* McLaren.

The redemption, by a junior judgment creditor, of lands sold on execution, under the provisions of the revised statutes, is not a satisfaction of his judgment, either at law or in equity; although the premises to which he acquires title by such redemption are worth more than the amount paid by him to redeem the same from the original purchaser at the sheriff's sale.

This was an appeal from a decree of the vice chancellor of the fourth circuit. The defendant in July, 1831, recovered a judgment in the supreme court against the complainant and J. B. Matthews, for $475,65, damages and costs, and issued an execution thereon, which was returned unsatisfied. He thereupon filed a creditor's bill against the defendants in that judgment, to obtain satisfaction of his debt out of their equitable assets and choses in action. The complainant subsequently filed his bill in this cause, alleging that his real estate had been sold under executions upon senior judgments, for $720, in May, 1834, and that the defendant in the present suit, in August, 1835, by virtue of his junior judgment against the complainant and Matthews, redeemed the real estate thus sold, and took a conveyance thereof from the sheriff; which real estate, as the complainant alleged, was worth $800 more than the re-

April 21.

demption money paid by the defendant. The complainant therefore prayed that the defendant might be restrained from further proceeding in the suit upon the creditor's bill to collect his judgment; and that he might be decreed to account for and pay to him the surplus of the value of the real estate redeemed; after deducting the amount of the redemption money, and of his judgment and costs.

The defendant, by his answer, admitted the facts stated in the bill, except as to the value of the premises redeemed by him, which he alleged were not worth more than $1000 or $1100. He also stated in his answer, that he had offered to the complainant, in writing, to re-convey the premises to him upon being paid the redemption money and interest, together with his own judgment, and the costs; which offer the complainant declined. He also made the same offer in his answer, although he insisted that he was not bound to account for the value of the estate redeemed beyond the amount of the redemption money.

The cause was heard upon pleadings and proofs before the vice chancellor; who decided and decreed that the defendant, as a redeeming judgment creditor, was not liable to account for the value of the lands redeemed by him; and that such redemption was neither a legal nor an equitable satisfaction of the judgment by virtue of which his redemption was made. But inasmuch as the defendant in his answer had offered to re-convey upon the terms therein specified, the decree allowed the complainant to accept of the offer, upon payment of the costs of this suit; and that if he did not elect to do so, and to pay the costs within thirty days, then that his bill be dismissed with costs. From this decision the complainant appealed.

The following opinion was delivered by the vice chancellor, when the case was before him:

WILLARD, V. C. The only question in this case is as to the effect of the redemption by the defendant upon the judgment in his favor, against the complainant and others,

under which it took place.  The complainant insists that it is an equitable satisfaction and extinguishment of the judgment.  This right of redemption was first given by the act of 1820, (*Laws of* 1820, *p.* 167,) and was improved at the revision of 1829.  It extends to one year from the sale, in favor of the defendant in the execution whose lands were sold, his devisee, grantee or heir at law, and upon such redemption being made by the person so entitled to redeem, the sale of the premises is deemed null and void. (2 *R. S.* 371, §46, 49.)  But in case either of the above class of persons omit to redeem the premises so sold as aforesaid, within the year, then the interest vested in the purchase by such sale may be acquired within three months after the expiration of such year by any creditor of the person against whom such execution issued, having a decree in chancery or a judgment at law, rendered at any time before the expiration of fifteen months from the time of such sale, and which shall be a lien and charge upon the premises sold, by paying the sum of money which was paid on the sale of such premises, together with interest thereon at the rate of 7 per cent a year from the time of such sale.  And the creditor thus redeeming, acquires all the rights of the original purchaser, subject to be defeated in the manner thereinafter mentioned.  The 55th and 56th sections point out how this right may be defeated.  And the mode adopted for this purpose is by permitting this right of the original purchaser thus acquired by the first redeeming judgment creditor to be obtained by another creditor upon the following conditions :  1st. By reimbursing to such first creditor the sum paid by him to acquire his title, with seven per cent interest from the time of payment to the time of such reimbursement.  2d. If the judgment by virtue of which the first creditor acquired the title of the original purchaser, be prior to the judgment of such second creditor, then the second creditor must also pay to the first creditor the amount due on his judgment.  3d. But if such judgment of the first creditor at the time of his acquiring the title of the original purchaser, shall have ceased to be

1840.

Van Horne
v.
McLaren.

a lien as against such second creditor, it shall not be necessary to pay the amount thereof.   The same proceeding may be had in favor of any third or other creditor.   The conveyance, after the expiration of the fifteen months, is given by the sheriff to the purchaser or redeeming creditor, as the case may be ; and he thus becomes vested with the title of the original judgment debtor.

The foregoing are all the legislative proceedings on this part of the subject.   If the judgment of the creditor who first redeems must be deemed to be satisfied by this act of redemption, it would seem unjust in the legislature to permit another judgment creditor to redeem the premises from him without paying the amount of the judgment thus satisfied by the redemption, as well as to reimburse him the sum paid to acquire the title of the first purchaser.   This he is allowed to do by the statute, unless the judgment under which he seeks to redeem is younger than that of the creditor from whom he redeems.   Suppose three judgments, standing in the order of priority, Nos. 1, 2, 3 ; a sale takes place under No. 1, and the owner of No. 3, at the end of fifteen months, redeems by reimbursing the purchaser his bid and interest.   The law then vests in him the interest in the land sold which the original purchaser had acquired ; and yet the next man, No. 2, may redeem from him, by simply refunding the advance which No. 3 had made, without paying any part of the judgment No. 3.   If No. 3 was once satisfied by the redemption, it must, on principle, continue satisfied forever.

Again ; suppose No. 2 had not redeemed from No. 3, and the owner of the latter had received a deed from the sheriff, in pursuance of the sale on the execution issued on No. 1, if judgment No. 3 thus becomes satisfied, it can never afterwards be used either as an instrument under which to redeem or otherwise.   A satisfied judgment cannot be said to have a lien on the defendant's land ; and under no other can a redemption be made.   But the supreme court held in *Ex parte Peru Iron Comp.* (7 *Cowen,* 540,) that though a judgment creditor has once redeemed and ta-

ken a title, it is not a satisfaction; and he may redeem again by virtue of the same judgment. It could never have been the intention of the legislature to make the act of redemption operate so to enlarge the bid of the first purchaser that it would embrace also the whole amount of the judgment under which the redemption was made. If such were the law, no prudent creditor would redeem unless the premises sold were worth as much more than the amount bid by the first purchaser as the whole amount due on the judgment of the redeeming creditor. If by redeeming he must be deemed to have bid the whole amount of his own judgment, in addition to the amount due the first purchaser, and thus to have satisfied the whole judgment, it is obvious that a creditor whose judgment is large could rarely venture to redeem. There is in general sufficient competition at public sales to prevent any great sacrifice. If unfortunately the premises are struck off at a sum much below their value, the debtor has a year to redeem. If unable to do so in person, he may convey to a friend, who can, as grantee or owner, redeem within the year, and thus defeat a ruinous speculation out of his estate. Should he omit taking these steps, it can certainly be to him a matter of no consequence whether the title passes to the first purchaser or to a redeeming creditor.

The occasion for the present controversy arises from the circumstance that no one bid at the sale the full value of the property. The two elder judgment creditors had no motive other than to secure their debts, and therefore did not bid beyond the amount due. If the defendant had redeemed, the whole of the present controversy might have been avoided. He was not prevented doing so by any fraud, accident or mistake. He chooses to speculate on events, and must take the consequences. If his view of the law was correct, the transaction could not have assumed a shape more to his advantage. He would have paid off the three judgments and gotten rid of the creditor's bill with costs. In consequence of his mistake in the law, it has turned out to be an unfortunate speculation to him;

and the aid of this court is invoked to require the defendant to account for the full value of the property ; and thus to prevent a loss on the one side and gain on the other. The bill might with as much propriety be sustained for this object, against the first purchaser at a sheriff's sale, on the ground that his bid was less than the value of the property sold. What else would that be but to substitute the fluctuating opinions of the chancellor, or of his masters, for the contracts of the parties ? In effect, it would be worse than a valuation law. The principal object of allowing creditors to redeem from each other, seems to be to keep up the auction. If a junior judgment creditor redeems from one older, it has been seen he must not only reimburse the first redeeming creditor all his advances, with interest, but must also pay off the amount due on his judgment. This is advantageous to the debtor, as it extinguishes an increased amount of debt—and this is the only circumstance which gives any color to the doctrine insisted on by the complainant. But it cannot avail him. Any judgment creditor whose judgment was a lien, has a right to redeem from the first purchaser, and under certain conditions from each other. The judgment having the oldest lien is to be preferred, and the creditor who has redeemed with such judgment from the first purchaser, has a stronger equity to hold the premises redeemed than a junior creditor to take them from him. But if the latter pays off the judgment of the former and reimburses him the advances made, the equities are at once changed.

Again ; the title which a purchaser or redeeming creditor acquires to a piece of land, is derived from the judgment under which the sale is made, and not under that by force of which it is redeemed. The title of which the defendant was seized at the docketting of the former judgment is conveyed by the sheriff, and no allusion is made in the deed to the judgment under which the redemption took place. This circumstance it appears to me is decisive against the ground assumed by the plaintiff. Nor is this view of the case changed by the fact that the defendant in

this case will make a speculation by being permitted to hold the advantage derived by his redeeming. If such considerations were allowed to influence the court, every sale of real estate under an execution might lead to a bill in equity ; and a reference must be had to ascertain how much the redeeming creditor must allow on his judgment out of the profits of the speculation. This cannot be done. It is far better to leave parties to regulate the prices they will give for property themselves, than that the court should make bargains for them. Cases of fraud, accident, or mistake, may be aided by this court. But every thing else may be safely confided to the keen eyed vigilance and sagacity of the parties.

As the defendant in his answer still says he is willing to abide by either of the offers he made to the complainant, and which are therein stated, I will allow the plaintiff thirty days to make his election which to accept. The complainant is to pay all costs ; and in case he omits within thirty days to elect, the bill is to be dismissed with costs.

*J. L. Tillinghast,* for the appellant. The redemption by McLaren, was of itself an extinguishment of the judgment of which satisfaction is sought in the original bill. The property redeemed being proved to be of value equal to the redemption money paid by McLaren, and the amount of his judgment, is in point of fact a satisfaction of his judgment, and ought to be so considered in law and in equity. If McLaren's judgment is equitably satisfied by the redemption, the offers made by him as set forth in his answer, can avail him nothing, inasmuch as the statute in positive terms gives him an absolute ownership of the debtor's interest in the property redeemed.

*D. Cady,* for the respondent. The defendant, by redeeming the complainant's land, as set forth in the bill, acquired all the rights of the first purchaser at the sheriff's sale, and cannot, therefore, be liable to account for the val-

1840.

Van Horne
v.
McLaren.

ue of the land to the complainant, unless the first purchaser would have been thus liable to account had the sheriff's deed been given to him. 2 *R. S.* 371, § 50, 51. By the fiftieth section, the interest vested in the purchaser by such sale may be acquired within three months, &c. By the fifty-first section, the redeeming creditor shall thereby acquire all the rights of the original purchaser. It has always, until the bill was filed in this cause, been supposed that a purchaser at a sheriff's sale, to whom the sheriff gave a deed, acquired all the estate and interest of the judgment debtor, and that although the value of the estate purchased might exceed the sum bid ten fold, yet he was not liable to account for that excess in value. By the act of the 19th March, 1787, (1 *Greenleafe*, 407, *ch.* 56,) all and singular the lands, tenements and real estate of every debtor, are made liable to be sold on execution.

No debtor, whose estate was sold under that act, was ever supposed to have an equitable right to call the purchaser into this court, and make him account for the value of the estate sold. The act of the 12th of April, 1820, (*Laws of* 1820, *p.* 167, *ch.* 184,) giving to a judgment debtor a right to redeem his lands, sold on execution, did not alter the legal effect of a sheriff's sale, as to the judgment debtor, except giving to him the right to redeem within twelve months after the sale, and to remain in possession fifteen months. If the sheriff's deed be given to the first purchaser, his title is as perfect as he would have acquired at a sheriff's sale under the act of 1787. If this be so, then he who acquires under the fifty-first section above cited, all the rights of the original purchaser, must have the right to hold the estate free from any liability to account for its value. The defendant's judgment against the complainant was not satisfied in whole or in part by his redeeming the lands of the complainant. (*Ex parte Peru Iron Company*, 7 *Cowen*, 558.) In the case cited, it was decided that a redemption was no satisfaction of the judgment by virtue of which the redemption is made. The supreme court at the last term, decided that a redemption

under a judgment was no satisfaction of the judgment, (in the case of *The Executors of Thomas Adis Emmet* v. *Martha Bradstreet*.)

The complainant's bill was properly dismissed, with costs, as he had shown no equity which entitles him to the relief prayed for in his bill.

THE CHANCELLOR. The vice chancellor unquestionably came to the correct conclusion in this case, that the redemption of the premises from the sheriff's sale under a prior judgment, is not either in law or equity a satisfaction of the junior judgment of the redeeming creditor. At the expiration of the twelve months from the time of the sale, all the right and title of the judgment debtor to redeem the premises from the sheriff's sale is forever gone. As to him, therefore, it is perfectly immaterial whether the first purchaser takes a deed of the premises at the end of the fifteen months, or the conveyance is made by the sheriff to the junior creditor. The benefit he receives under the provisions of the statute arises principally at the time of the sheriff's sale; as the right of any junior creditor to redeem upon the payment of the amount bid and interest, will induce the owner of the first judgment to bid at least to the amount of his debt, if the property is worth more. He may also be incidentally benefitted by a second redemption; as the second junior creditor, if he redeems, is bound not only to pay the original bid and interest, but also the amount of the second or intermediate judgment under which the first redemption took place. But there is nothing in the statute which, even by implication, conveys the idea that the redeeming creditor is to lose his whole judgment if he thinks proper to redeem property which he supposes has been sold below its value. Very few creditors would be found willing to avail themselves of the privilege of redeeming, if the consequence of such redemption was to be an extinguishment of their whole debt; or even if they were to be subjected to the expense and vexation of a chancery suit with the judgment debtor, to ascertain from

1840.

Van Horne
v.
McLaren.

the conflicting testimony of witnesses the actual value of the land at the time of its redemption. The construction of the statute which is contended for by the complainant's counsel would therefore be found, in the end, to be extremely prejudicial to the interest of debtors whose property is to be sold upon execution ; as there would be comparatively few redemptions, and the first purchaser would make his bids accordingly.

In the case of the *Peru Iron Company,* (7 *Cowen's Rep.* 540,) one of the questions distinctly presented for the consideration of the court was, whether the lien of the Webber judgment, assigned to Finch, was discharged by his redemption from the first sale by virtue of his ownership of that judgment. And the court held that it was not discharged, but was still a subsisting judgment against Winter's heirs, so as to authorize Finch to redeem from the second sale under Cady's execution upon the Cohen judgment. And in the recent case of *Emmet's adm'rs* v. *Bradstreet,* (20 *Wend. Rep.* 50,) the same court decided that the redemption by the junior creditor was no bar to an action to enforce the payment of his judgment, although the value of the lands redeemed exceeded the amount of the judgment and the redemption money. This being the settled rule of law on the subject, there is no principle of equity which calls upon this court to establish a different rule here. Although the redeeming creditor may have made a good speculation by redeeming from the first sale, he did not make it at the expense of or for the benefit of the judgment debtor, whose right to redeem was forever gone. The latter is not therefore entitled to the benefit of the speculation, for which he neither furnished funds nor ran any risk.

And as there was no excuse for the complainant's proceeding with this suit after the offer made to him by the defendant, the vice chancellor properly charged him with costs ; although he permitted him still to have the benefit of the offer, which was renewed in the defendant's answer. The decree appealed from must therefore be affirmed with costs.