No. 8797.

## RICE v. PUETT ET AL.

SHERIFF'S SALE.—*Redemption.*—*Real Estate, Action to Recover.*—*Possession.* —In ejectment, a purchaser at sheriff's sale, from which redemption has been made under the statute, is not entitled to possession upon the ground that he had redeemed from a sale made upon a senior mortgage. His right as such redemptioner is not to possession of the lands, but to a lien thereon for his redemption money and interest, which he may enforce by suit for its recovery.

SAME.—*Owner of Equitable Title May Redeem.*—*Mortgage.*—*Notice.*—One who has an equitable title only to the right of redemption might, under the statute of 1879, Acts 1879, p. 176, redeem lands from a sheriff's sale upon a decree foreclosing a mortgage, and the fact of his having paid the money to redeem was notice to the purchaser at sheriff's sale of the facts upon which his right to redeem was based.

SAME.—*Mistake.*—*Description.*—One who had purchased and paid for the mortgagor's title and taken a deed which, by mistake, did not describe the land, might, under the act of 1879, redeem from a sheriff's sale upon a decree foreclosing a mortgage.

From the Parke Circuit Court.

*T. N. Rice, J. T. Johnston* and *D. H. Maxwell,* for appellant. *S. D. Puett,* for appellees.

MORRIS, C.—This suit was brought by the appellant against the appellees, to recover the possession of certain real estate situate in Parke county, and alleged to be unlawfully detained by the appellees. The complaint consists of two paragraphs.

The first paragraph is in the usual form. The second states that the appellant, on the 21st day of March, 1877, by the consideration of the Parke Circuit Court, obtained a decree of foreclosure for $499, upon a mortgage executed by David R. Stith and Emily, his wife, to the appellant, upon the land in dispute, together with costs of suit; that he caused a copy of said decree and an execution to be duly issued by the clerk of said court, directed to the sheriff of Parke county, by virtue of which said sheriff, on the 25th day of May, 1878, after having duly advertised said land for sale, in due form of law, sold the same to the appellant for $55, and executed and delivered to him a proper certificate of purchase for said land; that on the 27th day of May, 1879, said land, not having been redeemed from said sale, was duly conveyed by said sheriff to the appellant, who is now the owner of said land in fee, and entitled to the possession of the same. It is further stated that on the 25th day of May, 1878, said Stiths were not in the actual occupation of said land, but that it was then, and ever since has been, occupied by the appellees as tenants of the appellant as such purchaser; that the rents of said land were reasonably worth $500 per year. The appellant asks judgment for the possession of the land and $1,050 for the rents and use of the same.

The appellees demurred to each paragraph of the complaint. The demurrers were overruled.

The appellees thereupon filed what they call an answer and cross complaint in one paragraph, in which they admit that the appellant obtained a decree of foreclosure, order of sale and execution as alleged in the second paragraph of his complaint, and that he duly purchased said land at sheriff's sale at the time, and as stated in said paragraph, and obtained a

certificate of purchase for said land; that by virtue of said sale and certificate the appellant would have been entitled to a sheriff's deed for said land at the expiration of one year from said sale, had not said land been redeemed. It is further averred that, shortly after said decree of foreclosure was obtained, said David R. Stith, the mortgagor, was, upon the petition of his creditors, duly declared and adjudged a bankrupt by the District Court of the United States for the District of Indiana; that one Horace B. Jones was duly elected his assignee in bankruptcy; that as such assignee, pursuant to an order of said court made on the 11th day of June, 1877, directing the sale of said real estate, in the appellant's complaint described, at private sale, the said Jones, as such assignee, sold, at private sale, said real estate to one Charles E. Hasford, for the sum of $100, and on the 12th day of June, 1877, duly conveyed the same to said Hasford; a copy of the deed is filed as an exhibit with the answer, and is alleged to have been duly recorded in said Parke county on the 21st day of June, 1877. It is further stated that said Hasford, on the 31st day of January, 1877, sold and conveyed his interest in, and title to, said real estate to the appellees; that they thereupon took possession of the same. It is further stated that the assignee, in executing the deed for said land to said Hasford, misdescribed the land, by inserting therein, by mistake and oversight, the word "south" for the word "east," but that he afterward on the 29th day of May, 1879, corrected said mistake, by executing to the appellees a new deed for said land; that on the 24th day of May, 1879, before the year of redemption had expired, the appellees paid to the clerk of said Parke Circuit Court the sum of $60.50, the amount paid by the appellant to the sheriff as purchase-money for said real estate, with ten per cent. interest thereon, for the redemption of said land from the sale made to the appellant, and that the clerk thereupon made the following endorsement and receipt therefor on the judgment docket wherein said judgment was entered, and said sale was recorded.

viz.: "Land sold May 25th, 1878, to H. J. Rice for $55.

"Teste : DAVID STROUSE, Clerk."

"May 24th, 1879, received of Samuel D. Puett and John J. Thomas $60.50, the amount necessary to redeem land sold on this judgment, May 25th, 1878.

"DAVID STROUSE, Clerk."

That afterward the appellant, knowing the foregoing facts, wrongfully procured from the sheriff of said county a deed for said land. The prayer of the cross complaint is, that the deed of the sheriff to the appellant may be set aside, and for all other proper relief.

To this answer and cross complaint the appellant demurred. The court overruled the demurrer.

The appellant then filed an answer to the cross complaint, in which he states that, on the 21st day of March, 1877, the Ætna Life Insurance Company obtained in said court a decree of foreclosure for $4.579.20 and costs of suit, upon a mortgage executed by said Stith and wife to said company on the land described in the appellant's complaint, and an order for the sale of the same; that on the 26th day of May, 1877, the Ætna Life Insurance Company purchased said land at sheriff's sale, made upon a copy of said decree and an execution issued thereon by the clerk of said court, directed to said sheriff of said county of Parke, and upon due notice of the time and place of said sale, for the sum of $4,751.83, and obtained from said sheriff a proper certificate of purchase therefor; that the appellant was made a party to the suit in which said insurance company obtained said decree of foreclosure; that before the year of redemption had expired, to wit, on the 25th day of May, 1878, he redeemed said land from the sale made to said company, by paying into the clerk's office of said county the sum of $5,238, being the amount of the purchase-money and ten per cent. interest thereon, and that the appellees, claiming to hold and own, by assignment, the certificate of purchase executed by said sheriff to said company, received and accepted the money paid by him to said clerk, as and for the redemp-

tion of said land from said sale; that, at the time the appellees pretended to redeem said land, they did not pay nor offer to pay to the appellant, nor to the clerk of said court for him, said $5,238, which he had paid and they had received for the redemption of said land from said sale made to said Ætna Life Insurance Company.

To this answer to the cross complaint, the appellees demurred. The court sustained the demurrer. The appellant elected to stand by his pleading, and final judgment was rendered for the appellees.

The errors assigned question the rulings of the court upon the several demurrers.

The questions presented for decision are:

1st. Had the appellees, upon the facts stated in the pleadings, a right to redeem from the appellant's sale?

2d. If so, did they pay to the clerk a sufficient sum to effect a redemption from said sale?

It will not be questioned but that David R. Stith, the mortgagor and judgment debtor, had the right to redeem from both the sale made to the Ætna Life Insurance Company and that made to the appellant within the time limited by law. This right of redemption was transferable; upon Stith's being declared a bankrupt and his assignee appointed, his interest in the land and right of redemption passed by operation of law to and vested in his assignee in bankruptcy. It is alleged in the cross complaint that an assignee of the estate of said Stith was duly appointed, and that, by the order of the proper bankrupt court, the assignee sold and conveyed the land in dispute to one Hasford, on the 12th day of June, 1877, shortly after the sale made by the sheriff to the Ætna Life Insurance Company. On the 31st day of January, 1877, Hasford sold and conveyed said land and all the right which he derived from the assignee's sale, to the appellees.

But in the assignee's deed to Hasford a mistake occurred in the description of the land. On the 29th day of May, 1879, after the appellees claimed to have redeemed from the appel-

lant's sale, the assignee in bankruptcy corrected the mistake in the description of the land by executing a new deed.

The appellant insists that as the deed to the appellees had not been corrected so as properly to describe the land, and recorded before he obtained his deed, he must be regarded as an innocent holder of the title to the land; that not having notice that the appellees had succeeded to the right of the mortgagor to redeem until after the year of redemption had expired and he had obtained his deed, he was at liberty to disregard the redemption attempted to be made by the appellees. The sale made by the assignee in bankruptcy, and the receipt of the purchase-money by him, equitably passed to the purchaser all his rights in the land; thenceforward, he held the naked legal title in trust for the purchaser. He sold the land and received the purchase-money. It was his duty to convey the land sold to the purchaser. If, by mistake, he had failed to do this, he had not performed the contract of sale on his part, and, upon application to the proper court, he would be compelled to make a proper conveyance to the purchaser. This he might and did do, without compulsion. It was a matter between him and the purchaser. Hasford, the purchaser, in January, 1877, sold and conveyed the land to the appellees. The conveyance passed his equity in the land to them. Thus, having the complete equity to all the rights and interests which the mortgagor, had he not become a bankrupt, would have had in the land, the appellees had a right to redeem.

It was the act of redemption—the payment of the money for that purpose to the proper clerk for the redemption of the land—and not the record of the deed which gave the right to redeem, that fixed notice of the redemption upon the appellant. The money had been paid to the clerk and the fact properly entered of record by him. The appellant was bound to notice at his peril the fact. We conclude, therefore, that, upon the facts stated, the appellees had the right to redeem, and that there was no error in overruling the demurrer to the cross complaint.

Could they redeem from the sale made upon the decree of foreclosure taken by the appellant against the Stiths, without paying to the clerk, for the benefit of the appellant, the $5,238 paid by him to redeem from the sale made on the 26th day of May, 1877, to the Ætna Life Insurance Company?

The appellant insists upon the following propositions:

1st. That he having redeemed from the sale made to the Ætna Life Insurance Company, on the 25th day of May, 1877, and within one year from the day of sale, and the appellees, as the assignees of said company, having received the money by him paid in redemption, have, as such assignees, no further lien on the land.

2d. That the assignee of the equity of redemption stands in no better position than the judgment debtor.

3d. That as to persons made parties to the proceedings to foreclose, upon a sale by the senior incumbrancer, all are called upon and required to redeem within one year from the sale; that there is, in this respect, no difference between the judgment debtor and junior incumbrancers.

These propositions may, perhaps, be conceded. We think it quite clear that the acceptance of the redemption money terminated the interest of the appellees in the land, as the assignees of the Ætna Life Insurance Company. We think it equally clear that the appellees, as successors to the interests of David R. Stith in the land, have no greater rights than he would have, had his interest in the land never passed from him by his bankruptcy, nor do we think that they can or could redeem from the first sale after the year had expired.

But the question remains: What was the effect of the appellant's redemption from the sale made to the Ætna Life Insurance Company? what right to and interest in the land did the redemption give him?

This question seems to be answered by the statute in force at the time the sale and redemption. took place. The third section of the act of 1861, 2 R. S. 1876, p. 220, section 3, provides:

" Where any mortgagee or judgment creditor shall redeem any real property or interest therein under the provisions of this act, such mortgagee or judgment creditor shall retain a lien on the premises for the amount of money so paid for redemption against the owner and any junior incumbrancer."

As the rights of the appellant as redemptioner depended upon the statute, it would seem to be clear that by redeeming he secured no title to the land, but simply a lien, superior to all others, on the land ; but he could not by force of this lien, without enforcing it by sale of the premises, demand or obtain, as against the judgment debtor or his assignees, the possession of the premises. The title which would have become absolute in the purchaser, had there been no redemption, was, through the redemption, revested in the judgment debtor, or his assignees, and held as if no sale had been made, subject to the lien of the redemptioner for the redemption money paid by him.

It appears from the facts stated, that the appellant redeemed the land from the sale made to the Ætna Life Insurance Company, on the same day that he purchased it at sheriff's sale, not on the decree in favor of the insurance company, but upon the decree for $499, foreclosing a mortgage executed to him by the Stiths. Whether the redemption was effected before or after the sale does not appear.

It is not necessary to determine the precise interest which passed to the appellant by the sale made by the sheriff to him upon the decree foreclosing his mortgage. If no interest in the land passed by such sale, then there was no error in sustaining the demurrer to the appellant's answer. For, in that case, he would have no title or right to the possession of the land. He obtained no such right merely by the redemption made on the 25th of May, 1878.

The appellees, as the assignees of Stith, the mortgagor and judgment debtor, attempted to redeem on the 24th day of May, 1879, from the sale made to the plaintiff on a decree foreclosing a mortgage executed to him, recovered on the —

day of ———, 1877.   At the time this attempt to redeem was made, the act of 1879, amending the redemption law of 1861, was in force.   The act of 1879 repealed so much of the law of 1861 as was in conflict with its provisions.   Both acts secured to the debtor the right to redeem his real estate sold at sheriff's sale.   In this respect there is no difference between the two acts.   The act of 1879 provides that before the judgment debtor, his executors or administrators, or any person who has the title of the judgment debtor, shall have redeemed, "any judgment creditor having a lien, or a mortgagee, whose mortgage, at the time of his redemption, shall have been recorded, may redeem the property sold by paying to the clerk, for the use of the purchaser, his purchase-money, with ten per cent. interest; or, if any such creditor shall have redeemed, then by paying to the clerk, for the use of the last redemptioner, his redemption money with interest as aforesaid, and the cost of redemption, and also the debt, interest and costs on account of which the prior redemption shall have been made."   These provisions do not apply to this case, first, because the appellees are neither judgment creditors nor mortgagees; secondly, for the reason that they are not redeeming from the redemption made by the appellant, but from a sale made to him by the sheriff.   Nor do any of the provisions of the act of 1879, except the second section, which is substantially the former law, apply.

The sale made by the sheriff to the appellant did not wipe out or impair the lien upon the land in dispute acquired by redeeming from the sale made to the Ætna Life Insurance Company.   That lien, for anything that appears in the record, still exists, and may be enforced at any time.   Had some one else than the appellant bought the land at the last sale for $55, it would not be pretended that the appellant's lien for his redemption was thereby extinguished.   The fact that the appellant was the purchaser, instead of a third person, does not change the effect of the sale.

The appellant caused the land to be sold upon a decree in

his favor; it was the only sale made on such decree. This decree was distinct from that upon which the previous sale had been made. When the last sale was made, the purchaser took the property subject to the lien in favor of the appellant for the money paid by him to redeem the land from the former sale, and subject also to the right of his mortgagor, or those having his title to redeem.

The appellees were not seeking to redeem from the appellant as redemptioner, nor from his redemption. They did not wish to acquire his rights as redemptioner, but his rights as purchaser at sheriff's sale, on an execution and order of sale made to enforce a decree distinct and different from that on which the purchase from which he had redeemed was made. This, we think, they had the right to do.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.