McClain *v.* Sullivan *et al.*

---

No. 9423.

## McCLAIN *v.* SULLIVAN ET AL.

REDEMPTION.—*Judgment.—Mortgage.—Priority of Liens.—Merger.—Conveyance.—Assignment.—Judgment Creditor.*—A., owning certain real estate, mortgaged it to B., and then conveyed it to C., after which C. mortgaged it to D., and thereafter E. recovered two judgments against C. which became liens upon the land; E. purchased the land upon the first judgment rendered, obtained a deed and conveyed the land to F., who thereafter redeemed, under the act of June 4th, 1861, from a sale made upon the mortgage executed to B., and who paid taxes accrued upon the land, then brought an action to have a lien declared upon the land as against D., the second mortgagee, for the amount of money paid in redemption of the property from the sale of B., and for the amount paid for taxes.

*Held*, that the lien of E., by virtue of his second judgment, was not merged in the legal title acquired by his purchase under the first judgment, and that notwithstanding the title thus acquired he was still a judgment creditor and entitled to redeem the property from such foreclosure sale.

*Held*, also, that the conveyance of the property thereafter by E. to F. operated as an assignment of said judgment, and that F. was thereafter authorized to redeem from such sale.

*Held*, also, that the lien acquired by the redemption was prior to the lien of D., the second mortgagee, though his lien was prior to the lien of the judgment by virtue of which the redemption was made.

PRACTICE.—*Judgment.—Exception. — Recital by Clerk. —* The recital of the clerk, following the entry of a judgment, that objection was made and exception taken to the rendition thereof, is not sufficient to present any question concerning the decree in the Supreme Court.

From the Superior Court of Marion County.

*A. F. Denny* and *L. D. McClain,* for appellant.
*J. B. Elam,* for appellees.

BEST, C.—This action was brought by the appellee Samuel Sullivan, to enforce a lien upon the premises in the complaint described, for taxes paid and for money expended in the redemption of such property from a foreclosure sale, against Mary McClain, a subsequent mortgagee, and against his co-appellees as subsequent lien-holders.

The facts out of which this controversy arises are, briefly, these: On the 17th day of May, 1873, Emily J. Connelly, who was then the owner of the real estate in the complaint described, executed a mortgage, in which her husband joined, to Jonathan M. Ridenour, to secure three notes of $200 each, payable respectively in one, two and three years from that time; on July 28th, 1873, Emily J. Connelly and husband conveyed the real estate to William R. McClain, who, on the 4th day of June, 1875, executed a mortgage upon it to Mary McClain, his mother, to secure a note of $2,715, payable five years from that time; on November 10th, 1875, Isaiah J. Shafer recovered a judgment for $228 against William R. McClain; and on the 7th day of December, 1875, said Shafer recovered a judgment against said McClain for $230.72, both of which became liens on said property at the time of their rendition; on the 18th of December, 1875, said property was duly sold upon the first judgment so recovered by said Shafer, and was purchased by him for $261.39; on the 19th of April, 1876, William S. Hubbard, assignee of Jonathan M. Ridenour, brought an action to foreclose the mortgage made to Ridenour, making Mary McClain a defendant, and alleging in his complaint that "she claimed to hold a mortgage upon said real estate for $2,715, dated June 4th, 1875, and which, if a lien at all, is junior and subordinate to the plaintiff's claim, and that she had no such lien; and that the pretended mortgage was fraudulent." Mary McClain was served with process, defaulted, and, on the 8th of May, 1876, the mortgage

was foreclosed for $495.20, and it was adjudged that Mary McClain " had no interest in or lien upon said real estate, and no right to redeem the same from the lien of the plaintiff's mortgage." On the 17th day of June, 1876, said premises were duly sold upon said decree to said Hubbard for $544.04, and a certificate of purchase issued to him; on the 14th day of February, 1877, the premises were conveyed by the sheriff to Isaiah J. Shafer, in pursuance of the sale made to him upon his judgment, and, on the 14th day of June, 1877, he paid into the clerk's office $598.15, in redemption of the property from the sale made to Hubbard as aforesaid, which money was accepted by said Hubbard in redemption of said property; on the 19th day of June, 1877, Isaiah J. Shafer and wife conveyed said premises, by deed of general warranty, to the appellee Sullivan, who, on the 2d of June, 1878, was compelled to and did pay $203.50, as taxes upon said premises.

A demurrer, by Mary McClain, for the want of facts, was overruled to the complaint, which alleged, substantially, the foregoing facts. The other defendants disclaimed any interest in the property, and no question arises concerning them. Issues were formed, a trial had, and a finding made for the appellee Sullivan. A motion for a new trial was overruled, and a judgment rendered, adjudging that the appellee Sullivan had a lien upon the property for $979.74 on account of taxes paid, and on account of the money paid in redemption of the property from the sale made to Hubbard as against the appellant, who has a mortgage upon said premises as above mentioned, and that she is entitled to redeem said premises from the liens of said appellee, by paying into court within sixty days the amount of said liens, with interest at ten per cent. and costs; otherwise the appellee Sullivan was to hold said property discharged from appellant's lien, and from any right of redemption by her.

Following this judgment, there is a recital that to each and every part thereof, separately, the appellant objected and excepted.

McClain v. Sullivan et al.

These rulings are assigned as error, and in support of the position that the judgment is erroneous, the appellant insists upon the following propositions:

*First.* That Shafer, by the redemption of the property, acquired no lien upon it, as he was at the time the owner of it under his purchase at sheriff's sale;

*Second.* If Shafer did acquire a lien upon the property by such redemption, his conveyance of the property did not transfer such lien to the appellee;

*Third.* If such lien was acquired by Shafer, and by him transferred to the appellee, the same is junior and subject to the lien of appellant; and,

*Fourth.* If the lien was acquired by Shafer, has been transferred to the appellee, and is paramount to the appellant's lien, the court erred in limiting the appellant to sixty days within which to redeem said property from the lien of the appellee.

These propositions will be considered in the order of their statement.

The redemption in this case was made in pursuance of the provisions of the act of June 4th, 1861. The first section of that act provides that when any real estate shall be sold upon any execution or order of sale, the owner, or any mortgagee or judgment creditor having a lien upon the same, may redeem such property at any time within a year from the date of sale by paying to the purchaser, his heirs or assigns, or to the clerk of the court from which such execution or order of sale issued, the purchase-money, with interest thereon at ten per cent. per annum.

The third section provides, that "When any mortgagee or judgment creditor shall redeem any real property or any interest therein under the provisions of this act, such mortgagee or judgment creditor shall retain a lien on the premises for the amount of money so paid for redemption against the owner and any junior incumbrancer."

This act authorizes the owner of real property thus sold to redeem it, but does not give him a lien upon it for such redemption money, and hence, if Isaiah J. Shafer sustained no relation to the realty in question other than that of owner, his redemption gave him no lien upon it. He recovered two judgments which were liens upon the realty, and, in satisfaction of one, it was sold and conveyed to him. The other judgment remained a lien, and Shafer was a judgment creditor, unless this lien was merged in the legal title acquired by his purchase. This is the appellant's position. In this we do not concur. It may be conceded that where a lien upon land is held, and the fee vests in the same person and in the same right, the lien merges in the fee simple. "But, notwithstanding this technical rule of law, it is well settled that a court of equity will keep an incumbrance alive, or consider it extinguished, as will best subserve the purposes of justice, and the actual and just intention of the party." *Howe* v. *Woodruff*, 12 Ind. 214. *Haggerty* v. *Byrne*, 75 Ind. 499.

The facts stated bring this case within this equitable rule, and the lien of Shafer must be regarded as a subsisting one, under which, by the express terms of the statute, he was authorized to redeem said premises. We are, therefore, of opinion that Shafer, by the redemption of the property, acquired a lien upon it for the amount of the redemption money.

Shafer having a lien upon the premises for such redemption money, his conveyance of them as stated operated as an assignment of such lien to the appellee. *Niles* v. *Ransford*, 1 Mich. 338; *Jackson* v. *Bowen*, 7 Cowen, 20.

The next proposition is that this lien is subordinate to the lien of the appellant's mortgage. The third section of the above recited statute provides that a creditor who redeems "shall retain a lien on the premises for the amount of money so paid for redemption against the owner and any junior incumbrancer;" and the appellant insists that the phrase "junior incumbrancer" means a person who holds a lien subsequent to the lien by virtue of which the redemption was made, and

not a person who holds a senior lien thereto, though such lien is junior to the lien upon which the sale was made; and, therefore, as Shafer's judgment lien, which gave him the right to redeem, was junior to the appellant's mortgage, the lien acquired by him for such redemption money was also junior to the lien of appellant's mortgage.

This is not, as we believe, a proper construction of the statute. Such construction would practically preclude all incumbrancers from redeeming, unless they would pay all liens prior to the lien by virtue of which the redemption is made. This is not required either by the letter or spirit of the statute. Its purpose is to encourage the redemption of property, and its provisions should be liberally construed. It authorizes every mortgagee or judgment creditor to redeem, and allows such person to retain a lien upon the premises for his redemption money. It is wholly immaterial by whom the redemption is made, as the lien for the redemption money is the same, and has the same priority, by whomsoever made. This lien is retained against "any junior incumbrancer," and, as the lien is the same by whomsoever made, it must follow that it is prior to the lien of every person whose lien is junior to the lien upon which the sale was made. This court, in *Rice* v. *Puett*, 81 Ind. 230, in speaking of the rights of a similar redemptioner, said that by the redemption he secured a lien upon the land superior to all others, and in Iglehart's Pleading and Practice, p. 321, it is said that a junior incumbrancer, who redeems, occupies the same priority as to the redemption money that the original judgment creditor occupied. These statements express the law correctly. We are, therefore, of opinion that the lien for redemption money in this case is superior to the lien of appellant's mortgage.

The last position taken is that the court erred in limiting the appellant to sixty days within which to redeem said property. The bill of exceptions in this case does not show that any objection was made to either the substance or form of the decree. The recital of the clerk, following the entry

of the decree, that objection was made and exception taken, is not sufficient to present any question concerning the decree. · *Adams* v. *LaRose*, 75 Ind. 471.

Besides, the objection, if made, was too general to call the attention of the court to this portion of the decree. It was not equivalent to a motion to modify it in this respect.

This disposes of all the questions in the record, and, as no error appears, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment is hereby affirmed, at the appellant's costs. ·