Clement, J.
We are of opinion that by the will of Agnes *837 Boerum, her executors were vested with the title of the land, not as real estate, but as personal property.
It is clear that on her death, all her real estate was converted into personalty, and therefore that the rules of law applicable to personal property apply.
The effect of an equitable conversion of real “property has Been considered by the appellate courts of this State in many cases. In Kane v. Gott, 24 Wend., 641, 659, Justice Cowen uses the words “ It will be seen . . . that where executors ;are clothed with a trust to sell the real estate for money, and appropriate the avails to the uses of the will in the form of personal property, no doubt was ever entertained that it must be considered in equity, the same as if the testator had himself sold land, and then bequeathed the consideration money. Sitting in a court of equity, therefore, we can no more refuse to consider the whole of the real property in question as personal, than we could in a court of law, if the testator had himself chosen to make it physically so, and then had bequeathed it. By his own act he had the power to throw it into this shape either by sale or by will; and if in either way it be withdrawn from the operation of the statute concerning trusts, it is only in the exercise of a power by the absolute owner of property which no court or legislature ever thought of denying.”
In Fisher v. Banta, 66 N. Y., 468, 476, Judge ANDREWS in construing a will where there was an imperative discretion to sell the real estate says, “ it became the duty of the executor to .sell the land and divide the proceeds . . . From the moment of the testator’s death, the conversion took place, and the land became money for all purposes of administration. The impression of money was fixed upon it; the sons took their interest in the converted property as legatees, and upon their death, before actual sale, it would pass to their legal representatives.”
Chief Justice Rttggles [Meakings v. Cromwell, 5 N. Y., 140] held that, by the settled doctrine of equitable conversion, the Testator gives money and not land . . . and the gift is for all substantial purposes a legacy.”
See also Bogert v. Hertell, 4 Hill, 492. In the present case the executors were required to sell the real estate for the purpose of a division among legatees. There was a positive direction to sell, and although by the terms of the will, the executors were given the rents and profits of the land prior to the sale. That fact in no wise affects the construction of the will as the executors in equity would be entitled to the immediate rents if such words were omitted altogether (Lent v. Howard, 89 N. Y., 169) and the executor must account for such rents before the surrogate. Hood v. Hood, 85 N. Y., 561.
In the case of Stagg v. Jackson, 1 N. Y., 206, which seems directly in point, the testator gave to his executors the rents and *838 profits intermediate tbe sale, the Chancellor holds that “ the-trust to receive the rents and profits of the real estate, by the executor until sales of such real estate can be made, is a mere incident to the direction to convert the real estate into personalty for the purposes of the will” (2 Barber Ch., 86,93), and on appeal from the decision of the Chancellor, the same view is taken by the court of appeals.
The above case is approved by Judge Rapallo in Hood v. Hood, 85 N. Y., 570. See also in matter of Hood, 98 N. Y., 363.
It makes no. difference that the executors were vested with a discretion as to the time of sale. Lent v. Howard, supra.
The executors after a sale of the land were to hold one-thircL of the proceeds in trust for Mrs. Bush, but before a sale their title as executors was paramount to that as trustees. Lockman v. Reilly, 95 N. Y., 64.
In DePeyster v. Clendening, 8 Paige, 294, 310, where a bill was filed, praying for the appointment of a trustee, the Chancellor appointed the administrator with the will annexed, trustee, and holds “ there can be no doubt, therefore, that in cases where the execution of a trust, or a power in trust, is confided by the testator to his executors, as such, they cannot execute the trust without also taking out letters testamentary and assuming the office of executors.”
Judge FlNCH (Mott v. Ackerman, 92 N. Y., 539, 553) says r “We have no doubt,. therefore, that where a power of saléis given to executors for the purpose of paying debts and legacies, or either, and especially where there is an equitable conversion of land into money for the purpose of such payment and for distribution, and the power of sale is imperative and does not grow out of a personal discretion confided to the individual, such power - belongs to the office of executor, and under the statute, passes to and may be exercised by the administrator with the will annexed.”
The executor can be charged by the surrogate for the loss to-the estate for negligence on his part in failing to execute a power of sale of land. Haight v. Brisbin, 100 N. Y., 219.
On the foregoing authorities we think that the title-of the .land in question was in Falkert R. Boerum as executor, and that he, prior to a sale was not a testamentary trustee, because he was not acting in the execution of a trust which was separable from his functions as an executor. In the Matter of Clark, 5 Redfield, 460, it is claimed that the supreme court has inherent jurisdiction'over all trusts and that such power can be exercised ' by petition.
While the supreme court has jurisdiction over trusts it has no power by petition to remove an executor or appoint his sue-, cessor.
*839 In re Van Wyck, 1 Barbour Ch., 565; Quackenboss v. Southwick, 41 N. Y., 117.
Tbe order appointing tbe new trustee if it be considered a judgment by consent of all parties in being, would not operate as an adjudication on this question because it does not purport to discharge Mr. Boerum as an executor except for acts done and may be good as to tbe trust of tbe fund — after sale of the land— a point which is not before us to decide. ¥e think the order appointing a new trustee would not bind the interest of an unborn child. Monarque v. Monarque, 80 N. Y., 320, 326.
It is also claimed that the defendants cannot object to the title because they did not offer to surrender possession when the defect was discovered. This point is not well taken as to the cause of action of plaintiff, because he. is seeking to enforce a contract which he has failed to comply with. When the defendants seek to recover of plaintiff the amount paid on the consideration of the deed the question will arise whether they can so do until they surrender the possession.
Judgment reversed and a new trial granted, costs to abide the event.
VAN Wyck, J., concurs.