## JAMES L. SPRAGUE *vs.* FRANCIS MARTIN.

### June 16, 1882.

Foreclosure—Assignment of Certificate of Sale to Mortgagor not a Redemption.—After a mortgage foreclosure sale of real estate, and before the expiration of the year for redemption, the wife of the mortgagor, who had joined in the execution of the mortgage, paid to the purchaser at such sale the sum necessary to make redemption, and received from him an assignment of the sheriff's certificate of sale. It appears as a fact in the case that such purchaser "sold and assigned said certificate, and all the rights and title thereby acquired." *Held*, that the transaction was, in legal effect, as well as in form, an assignment of the rights of the purchaser acquired by the sale, and not a redemption therefrom.

Same—Creditor's Judgment Satisfied by Redemption.—A redemption from foreclosure sale, by a judgment creditor of the mortgagor, of property exceeding in value the amount of the judgment and the sum paid to make such redemption, satisfies the judgment and extinguishes the right to make further redemptions by virtue of the same judgment.

Action under Gen. St. 1878, *c.* 75, § 2, to determine the defendant's adverse claim to real property in Hennepin county. The cause was submitted to the court, *Young*, J., presiding, upon an agreed statement of facts, and judgment was ordered and entered for the defendant, from which the plaintiff appeals. The case is stated in the opinion.

*Samuel R. Thayer*, for appellant.

*Chas. J. Bartleson*, for respondent.

The statutory redemption must be made in strict compliance with the statute, and must have the effect given to it by the statute, viz., "an assignment to him (the redeeming creditor) of the rights

acquired" under the sale, and can have no other. *Tinkcom* v. *Lewis*, 21 Minn. 132. If the law is defective it lies with the legislature to cure it, and not the courts. This system of redemptions has existed in some of the states, substantially the same as provided by our law, during most of the present century, but it is believed no case can be found where the statute has received the construction contended for by appellant. The decisions are all against appellant's theory. *Van Horne* v. *McLaren*, 8 Paige, 285; *Emmet's Adm'rs* v. *Bradstreet*, 20 Wend. 50; *Ex Parte Peru Iron Co.* 7 Cow. 540; Freeman on Executions, §§ 317, 321.

DICKINSON, J. The plaintiff was formerly the owner of lands in Hennepin county, consisting of two separate tracts. He is still in the occupancy of one of such tracts; the other tract is vacant and unoccupied. In 1878 plaintiff and his wife mortgaged these lands to one Olmstead, to secure a debt. Default having been made in the conditions of payment, the mortgage was foreclosed by advertisement, the mortgagee, Olmstead, bidding off the property at foreclosure sale, and receiving the sheriff's certificate of sale. Before the expiration of the year given by law to the mortgagor to make redemption, there was paid to Olmstead, in behalf of the wife of the plaintiff, Mrs. Sprague, the sum for which the property had been sold on foreclosure, with interest from the day of sale. Thereupon Olmstead executed to Mrs. Sprague an assignment of his sheriff's certificate of sale, which assignment she placed on record. Prior to the foreclosure sale one Littler recovered a judgment against Sprague, the plaintiff, for the sum of $122.24, which was docketed in the district court. This judgment was assigned to defendant, and he, having complied with the requirements of the statute respecting redemptions by judg-ment creditors, within five days after the expiration of the year from the day of sale, paid to the sheriff the sum necessary to make redemption therefrom, and received from that officer a certificate of redemption. Through this proceeding he claims to have acquired title to the land. The defendant had previously, by virtue of the same judgment, redeemed other real property of the judgment debtor from foreclosure sale, the value of which property exceeded the

amount of the judgment and the sum paid for the redemption of the same.

The interest acquired by Olmstead, by the sale to him, was one which would ripen into an absolute title, vesting in him the original title of the mortgagors, unless redemption should be made from such sale. By the assignment this right of the purchaser was transferred to Mrs. Sprague, and she thenceforth held it as her assignor would have done had the assignment not been made, subject to the right of redemption by the mortgagors or their assigns within a year from the time of sale, and after that by creditors, as prescribed by statute. No redemption was made unless by Martin, the defendant, as a judgment creditor of Sprague; and if Martin did not effect a legal redemption, the title has become absolute in Mrs. Sprague. Whether he has made such redemption depends upon his right to redeem, for no question is made as to the regularity of his proceedings. That Mrs. Sprague must be deemed to have *purchased* the rights of Olmstead, and to hold them as assignee, cannot be a matter of doubt, although it is claimed in her behalf that the transaction should be considered as a *redemption* by her as a mortgagor rather than an assignment. Upon its face the transaction was an assignment, and not only is no proof offered, if that were possible, to change the apparent character of the transaction, but the parties have agreed, as a part of the statement of facts upon which the case was submitted to the court below for judgment, that Olmstead, "by an instrument in writing, regular in form, *sold and assigned* said certificate of sale, and all the rights and title thereby acquired to said premises, to said Angeline M. Sprague." But, assuming Mrs. Sprague to have held by assignment from the purchaser the right in respect to the property acquired by him by the sale, subject to redemption by creditors, the principal question in the case is as to whether Martin had the right to make redemption from her; whether his previous redemption of property of the judgment debtor, of value sufficient to satisfy his judgment, together with the sum paid by him to effect

*Note. The redemption here mentioned is that in question in *Martin* v. *Sprague, ante*, p. 53. [Reporter.

redemption, operated as a satisfaction of his judgment, and extinguished his right to make other redemptions.

The statute provides that if no redemption shall be made from foreclosure sale by the mortgagor, his representatives or assigns, within one year, "the senior creditor having a lien, legal or equitable, on the real estate, or some part thereof, subsequent to the mortgage, may redeem within five days after the expiration of the said twelve months; and each subsequent creditor, having such lien, within five days after the time allowed all prior lien-holders, as aforesaid, may redeem by paying the amount aforesaid, [the sum of money for which the land was sold with interest,] and all liens prior to his own held by the party from whom the redemption is made." Gen. St. 1878, *c.* 81, § 16. It further gives to the sale under foreclosure the effect of a conveyance to the purchaser or his assigns of all the right, title, and interest of the mortgagor in the property at the date of the mortgage, and invests redeeming creditors, as by assignment, with the rights acquired by the purchaser.

Not using the words for the purpose of accurate definition, we may say that by a mortgage of real estate the mortgaged property is pledged as security for the payment of a debt, or the performance of some other obligation. Foreclosure proceedings, in whatever manner conducted, have for their object and end the enforcement of the security; the application of the property to the satisfaction of the debt or obligation secured. Thus by a strict foreclosure the conditional title acquired by the mortgage is made absolute in the mortgagee, the property being thus applied directly to the satisfaction of the debt. So a foreclosure by entry and possession, existing under some jurisdictions, is only another mode of enforcing the security. The same is true of sales under powers or by decrees of courts. All these are remedies given by the law, or by agreement or grant, by means of which the property pledged as security is actually applied to the satisfaction of the debt secured. It has never been doubted that as to the mortgage debt such remedy, when pursued to completion, operated as payment *in toto* or *pro tanto*. *Lovell* v. *Leland*, 3 Vt. 581; *Hatch* v. *White*, 2 Gall. C. C. 152; *Amory* v. *Fairbanks*, 3

Mass. 562; *Green* v. *Cross*, 45 N. H. 574; *Hurd* v. *Coleman*, 42 Me. 182; Jones on Mortgages, §§ 950, 952, 1237. So, too, a release by the mortgagor to the mortgagee of the equity of redemption, after condition broken, is tantamount to foreclosure, and operates as payment of the mortgage debt to the extent of the value of the property. Jones on Mortgages, § 951, and cases cited.

But not only has the mortgagee a right to have the mortgaged property applied in satisfaction of his debt by a foreclosure of the equity of redemption remaining in the mortgagor, but creditors of the mortgagor, having liens upon the property subsequent to the mortgage, have also the right, subject to the equities of the mortgagee, to resort to the same property for payment, and to enforce their liens upon it. These rights of both mortgagee and creditor, always recognized in chancery and subjects of equitable jurisdiction, are regulated by statute, and may ordinarily be adjusted by the acts of the parties without the intervention of the court. The equitable right of the creditor to redeem from a prior encumbrance, in order that the property may be made available to the satisfaction of his own debt, which right was formerly enforceable by a bill in chancery to redeem, may now be ordinarily legally enforced by the statutory redemption. For obvious reasons, however, the exercise of that right is postponed until the lapse of the time given to the mortgagor to redeem; for, if redemption shall be made by the mortgagor, such redemption annuls the foreclosure sale, and thus renders unnecessary, for the protection of subsequent encumbrancers, the payment by them of the first mortgagee. If redemption is not made by the mortgagor within a year from the time of foreclosure sale, the right to redeem, so far as he is concerned, is extinguished. But the foreclosure proceeding instituted by the mortgagee is not yet complete, (if there are creditors who have filed notice of their intention to redeem as required by statute,) nor has the purchaser acquired an indefeasible title to the property.

Nor is it true, as has been sometimes asserted, that it no longer concerns the mortgagor what becomes of the property. The property may still be made to pay his other creditors. The title has passed from the mortgagor to the purchaser at the foreclosure sale, but sub-

ject, nevertheless, to the right of creditors of the mortgagor to enforce their liens upon it, in the order and under conditions prescribed by statute. The senior creditor, paying to the purchaser the purchase price, with interest, may redeem and become subrogated to his rights. Succeeding creditors, in the order of priority, may redeem from a preceding redemptioner by reimbursing the cost of his prior redemption, and by paying the lien by virtue of which it was made. The last redeeming creditor becomes vested of the estate in fee. The object of these provisions of the statute is to have the property of the debtor applied, as far as it will go—as far as creditors will voluntarily apply it—in satisfaction of the debts of the mortgagor. *Pamperin* v. *Scanlan*, 28 Minn. 345; *Van Rensselaer* v. *Sheriff of Albany*, 1 Cow. 501; *Van Rensselaer* v. *Sheriff of Onondaga*, Id. 443; *Hardin* v. *Eames*, 5 Bradwell, (Ill.) 153, 163.

As the foreclosure proceeding by the mortgagee is a process by which the mortgaged property is applied to the payment of his debt secured thereby, so the successive redemptions by creditors are a proceeding for the enforcement of their respective liens, and applying the property to the satisfaction of debts thus secured. This is unquestionably the result of redemptions by creditors intermediate the purchaser at foreclosure sale and the last redemptioner. Suppose, for instance, that a mortgagee, A., becomes a purchaser at his foreclosure sale, not paying money, but, as is generally the case—and as was done in the case now before us—buying with his mortgage debt. Suppose B. and C. to be creditors of the mortgagor, having liens upon the property and having the right to redeem in the order named. B. redeems from A., paying the purchase price, with interest. C. redeems from B., paying the sum which B. had paid to make redemption and also the amount of B.'s lien, and, no other creditors redeeming, acquires an absolute title to the property in fee. As to A., the price for which he purchased is the sum which he consents to apply on his debt, in consideration of the title which the sale vests in him. To that extent his debt is satisfied. B., who, by redemption from A., acquired the property subject to the right of redemption by creditors subsequent to himself, is divested of that property by the subsequent redemption only by the payment of his prior lien, and thus

as to him the property is made to satisfy his debt, and C. becomes subrogated to his rights as a purchaser of the property.   Only as to the last redemptioner does there seem any doubt as to the effect of the proceeding upon the debt and lien by virtue of which redemption is made.

But why should the principle upon which all the proceedings in respect to foreclosure and redemption up to this point have been founded, end here or cease to be operative?   As to prior creditors, including the mortgagee, the property has been made to apply in satfaction, in whole or in part, of the debts by virtue of which successive interests in the property were acquired.   Should the last redemptioner alone, who acquires an absolute title to the property in fee by virtue of his debt and lien, just as preceding creditors had acquired a conditional fee, hold it, and still the debt by virtue of which he acquired it remain in no way affected?   It cannot be that it was intended that, as to the last redeeming creditor, the right of redemption should be in effect a mere gratuity.   In his case, as in that of creditors prior to himself, the right of redemption depends upon the existence of a debt and a lien already acquired upon the property.   Only as he is a creditor, having a vested right to have the property applied to the satisfaction of his debt, is he given this statutory right of redemption.   It is to him a legal remedy, by pursuing which he voluntarily appropriates to himself in fee that specific property upon which rests the lien securing his debt.   It is thus, in legal effect, a statutory strict foreclosure of his lien.   It cannot affect the result that in the statute and in common speech we call the proceeding a re- demption.   The proceeding itself is the legal appropriation directly to himself, by the creditor and lienholder, of the property by virtue of his debt and lien, the equities and title of others' being extinguished.   Such an appropriation of mortgaged property by a mortgagee we term a strict foreclosure; and, as the authorities already cited show, it operates as payment *pro tanto* of the mortgage debt, although there has been no sale of the property, and no determination by any means of the extent to which the debt is thus satisfied.

The same principle is applicable in the case of a junior mortgagee . making a redemption under the statute, whereby he is invested, without

a sale, with the title in fee of the property. It cannot be otherwise in the case of a redeeming judgment creditor, or one holding a mechanic's lien or other legal charge upon the property. In the case of the mortgagee who makes a strict foreclosure of his mortgage, as well as in the case of the creditor having a lien by judgment or mortgage, or otherwise, and who acquires the title by redemption, the essential principle is, that in a manner prescribed by the law as a remedy in their behalf, they have appropriated the security on account of the debt. Having done so, and thereby acquired property equal to or exceeding in value the debt, no principle of law or equity supports the claim that the debt is still unimpaired, and that its collection may be enforced at law, or by further redemptions under the statute, or in equity. It is true, there is no provision made by statute as to the effect of redemption by creditors, as respects the debt; but it does not follow that the redemption is not a satisfaction of the debt to the extent of the value of the property, less the sum paid to effect redemption. There is nothing in the statute to forbid such a result, and it is consistent with equity and the analogies of the law. It probably does not often occur that a decree of strict foreclosure of a mortgage indicates that the property is to be applied to the extent of its value in reduction of the debt, nor does any statute so provide. Yet there is no doubt that such is the result. Our statute provides a method by notice, after condition broken, whereby a chattel mortgage may be foreclosed without sale, and the mortgagee become the absolute owner of the mortgaged property, discharged of all right of redemption. It does not provide that by such a foreclosure the mortgage debt is satisfied to the extent of the value of the property. But is there any doubt that such would be the result? The statute does not indicate the *status* of the debt of a senior creditor of a mortgagor who has made redemption from a mortgage sale, and from whom in turn a junior creditor redeems. But can it be doubted that his debt is discharged?

The statute not indicating the result, as respects the debt, of redemptions made according to its provisions, the court must determine it upon legal principles, whenever the question is presented for adjudication. So, too, the extent of the satisfaction of the debt

in cases like the present, as measured by the value of the property, is necessarily left for adjudication whenever the issue is presented. *Green* v. *Cross,* 45 N. H. 574; Jones on Mortgages, § 1567, and cases cited. The same necessity would have existed if the debtor had simply transferred to his creditor property other than money to apply on the debt. The latter question is not in issue in this case, for it is admitted as a fact that the property first redeemed by Martin exceeded in value his judgment, and the sum paid to effect such redemption. For the reasons already indicated he was not thereafter a creditor having a lien, and the second redemption was unauthorized.

We are aware that a different conclusion has been expressed in New York, (*Van Horne* v. *McLaren,* 8 Paige, 285; *Emmet's Adm'rs* v. *Bradstreet,* 20 Wend. 50;) but these cases are of less value to us as authority in this case than they would otherwise have been, because of the difference in the statutes of the two states. The statute of New York respecting redemptions (from execution sales) prescribes no order in which, as among creditors, the right of redemption shall be exercised; and, as was considered in the case first above cited, a senior creditor may redeem from a junior creditor (who has made redemption from a purchaser) by simply refunding the amount paid by the latter to effect redemption, and without paying the lien of such junior creditor. Stress was therefore laid upon the fact that to give to the redemption by the junior creditor the force of a satisfaction of his judgment, and to then allow the senior creditor by redemption to divest him of his interest in the property, simply reimbursing the sum paid by the junior creditor to redeem, would be to deprive him of his judgment and give him nothing in return. Such could not be the result of the operation of our statutes relating to redemptions.

This case has been presented upon an agreed statement of facts, and a decision evidently sought upon the merits as to the questions which we have considered. No question has been raised as to the right of this plaintiff to invoke in this action an adjudication respecting defendant's right of redemption, and the validity of the title thereby assumed to have been acquired. Mrs. Sprague, the assignee of the purchaser at foreclosure sale, would have been entitled to an adjudication respecting such rights asserted by the defendant, and

we assume that Sprague is in possession of the one tract under his wife, and stands in such relation of privity with her that he possesses the same right. Hence, as to the land in the occupancy of plaintiff, (part of block 191, described in the complaint,) it should be adjudged that the defendant has no estate or interest adverse to the plaintiff. The other property being vacant and unoccupied, and the plaintiff not being the owner of it, the complaint as to it should be dismissed. Mrs. Sprague not being a party to this action, no adjudication as to her rights would be proper or effective.

The judgment is reversed, and the cause remanded to the district court of Hennepin county, with directions to enter a judgment as here indicated.