SCRIPTER *v.* BARTLESON *et al*

(*Circuit Court, D. Minnesota.* July 7, 1890.)

1. MORTGAGES—REDEMPTION—CREDITORS OF MORTGAGOR.
   A judgment creditor who has redeemed sufficient property of his debtor from foreclosure to satisfy his judgment cannot make a valid redemption of other property.

2. SAME—SALE BY CREDITOR.
   Persons purchasing from a judgment creditor lands redeemed by him after enough had been previously redeemed to satisfy his judgment cannot claim as innocent purchasers.

In Equity. On bill to remove cloud from title.
*Warner, Stevens & Lawrence,* for plaintiff.
*Chas. J. Bartleson,* for defendants.

MILLER, Justice. It seems that one Sprague was the owner of certain lots, the subject of controversy in this suit; that he and his wife afterwards sold his interest to Scripter, the present plaintiff. The object of the bill is to relieve the title which thus came to him through the Spragues of a cloud cast upon it by an attempt to redeem the lots in controversy from a judicial sale against Sprague. The redemptioner, Francis Martin, had a judgment against Sprague in the common-law court. Sprague had several pieces of property covered by different mortgages. The mortgages were foreclosed, and the property sold under them. Martin, exercising the right of a judgment creditor to redeem, redeemed some of the lots which were first foreclosed and as to which the time of redemption would have been first to expire. After a while he proceeded upon the same judgment to redeem the lots sold later, which are the ones in controversy. Martin, after redeeming these lots, sold them to various persons, who are made parties to this proceeding, and the object

of the bill is to have a declaration that all these attempted redemptions which were a cloud on the title of Scripter, who got his title direct from Sprague, were void and ineffectual, and there is a prayer to have the cloud removed.

It is conceded that Martin, under the first redemption, received property which was three times the value of his judgment, and that it never was redeemed from him. Plaintiff insists that his judgment was thereby satisfied, and that he had no power or authority under that judgment to redeem the second pieces of land, which he attempted to do, though the sheriff permitted him to go through the forms of redemption, and gave him certificates. The supreme court of Minnesota, in a case growing out of one of these lots, (not a direct bar to this suit, because it was not between the same parties,) has decided that when an owner of a judgment undertook to exercise the right of redemption, and got property which was sufficient in value to satisfy his judgment, the judgment thereby became ineffectual, and he could not redeem any further, or from any one else, under it. Not only do I feel bound to follow the ruling of the supreme court in this case, but I concur in it. I believe where a man exercises this rather extraordinary right of redemption, which is really a proceeding of his own, and says, "I redeem," that if the property redeemed is sufficient to satisfy his judgment the judgment is satisfied, and is extinct. The objection urged to this view of the subject is that these other parties who bought from Martin are innocent purchasers, and they are not affected by the fact that his judgment is satisfied by his first redemption. But I do not think that position is correct. In the first place, I think it is settled, although there is some variance of opinion, that whenever a judgment is paid off, satisfied, or discharged, although it remains of record, and although execution was issued and property sold under it, the whole proceeding is void and ineffectual; and the fact that no entry was made satisfying it of record does not make it a valid judgment, so that a purchaser under the execution becomes an innocent purchaser in the true sense of the law. It is true in such case the purchaser might claim that he had all the evidences of judicial sanctity for the purchase, and say, "There was a judgment of record. I did not rely wholly upon that. The clerk of the court, or the proper officer, issued an execution, and the sheriff levied an execution on that property. The property was liable to that judgment, and I bought it without knowing any defect in it." But in that class of cases the weight of decisions, both as regards the ability of the courts and the number of cases, is in favor of the proposition that the purchaser takes nothing, and that all the steps subsequent to the actual payment or satisfaction of the judgment are void. If that is the case in a judicial proceeding of sale under execution, a process under the seal of the court, and in the hands of the proper officer, how much more would it be the case when the former owner of the judgment steps in and says "I redeem this land?" He is doing no judicial act. He is not a judicial officer. There is no sanction to what he has got, except the facts of the case. If he has the authority to redeem he must show that

authority. Therefore, in view of the agreed fact in the present case that the first redemption was sufficient in amount to satisfy the judgment, I hold that the judgment was *functus officio,* and the redemption void. There is no need to inquire about these innocent purchasers. A decree will be entered according to the prayer of the bill.