ADVANCE THRESHER CO. v. ROCKAFELLOW *et al.*

1.   When a corporation holding a junior mortgage takes an  assignment of a certificate of sale under the first mortgage, and at the expiration of

the period of redemption surrenders the certificate for a sheriff's deed, meanwhile informing the mortgagor, and his co-sureties that a notice of redemption has been filed, and that the whole debt can be collected by enforcing the lien under its mortgage, the mortgagor and his co-sureties are entitled to have credited on their indebtedness the money realized from a subsequent sale of the land in excess of the amount paid for the certificate.

2.  The rights of a corporation to acquire real estate cannot be attacked in a collateral proceeding brought by it to enforce the payment of an indebtedness.

(Opinion filed February 4th, 1903.)

Appeal from circuit court, McCook county, Hon. JOSEPH W. JONES, Judge.

Action by the Advance Thresher Company against Amos Rockafellow and others. Judgment in favor of plaintiff, and the surviving defendants, John H. Rockafellow and others, appeal. Reversed.

*M. A. Butterfield,* for appellants.

*E. H. Wilson* and *Baily & Voorhees,* for respondent.

FULLER, J. At the trial of this action on three promissory notes the court directed a verdict in favor of plaintiff for $1,-104.50 and the surviving defendants, John H. Rockafellow, Theodore Rockafellow, Sr., and Theodore Rockafellow, Jr., appeal from a judgment accordingly entered.

The facts essential to the questions of law to be determined may be stated thus: On the 20th day of August, 1895, Amos Rockafellow, as principal, and appellants, as sureties, executed the promissory notes to plaintiff, and on the 29th day of September, 1896, to further secure such indebtedness, the surety John H. Rockafellow gave plaintiff a mortgage on a quarter section of land which was subject to a prior mortgage

of $1,000, executed by himself and wife to the Union Central Life Insurance Company. After this first mortgage had been foreclosed, and for the avowed purpose of protecting its junior lien upon the land, respondent obtained an assignment of the certificate of sale, paying the Union Central Life Insurance Company therefor $1,535, which was the exact amount required to effect redemption. Upon the surrender of this matured certificate respondent obtained a sheriff's deed, and immediately sold the premises to Clark F. Espey, receiving therefor the sum of $2,280. It is contended, among other things, by counsel for appellants, that in legal effect respondent was a mere redemptioner and as such obliged to account to the mortgagor for the money received for the premises in excess of the amount paid for the certificate of sale. That respondent, by numerous letters, induced appellants to believe that it would redeem from the prior mortgage foreclosure sale, and thereby render its junior mortgage amply sufficient to secure the payment of their entire indebtedness, is a proposition that stands proved by the undisputed evidence. As a matter of fact it informed appellants that a notice of redemption had already been filed, and that by enforcing its lien it would eventually be able to collect the full amount due on the notes. Under the circumstances respondent ought to have credited upon the indebtedness of appellants the money realized from the sale of the land in excess of the full amount paid the senior mortgagee for the assignment of the certificate of sale. According to the pleadings and proof, it would have been entirely equitable to require respondent to credit upon the notes the net profit deceptively realized from the sale of the land, and it was erroneous to direct a verdict for the full amount claimed. In this

action appellants are not entitled to question the right of respondent to acquire any real estate, and the view we have taken renders any further consideration of their assignments of error unnecessary.

The judgment appealed from is reversed, and a new trial granted.