WORK *et al.* v. BRAUN *et al.*

1. Under the Code, making judgment debtors and their successors in interest redemptioners of the first class and creditors having a subsequent lien by judgment or mortgage on the property sold redemptioners of the second class, where the value of property redeemed by a subsequent mortgagee exceeds the amount of his claim after crediting him with the amount expended in redeeming, the mortgagor's debt to the redemptioner is satisfied and his mortgage extinguished.

2. The matter of reopening a case to let in evidence casually omitted rests largely in the discretion of the trial court, especially when trying a case without a jury; and unless there is clearly an abuse of discretion the ruling will not be disturbed on appeal.

(Opinion filed May 31, 1905.)

Appeal from circuit court, Spink county; Hon. J. H. Mc-Coy, Judge.

Action by Andrew S. Work and another against Mary

Braun and others. From a judgment in favor of defendants, plaintiffs appeal. Affirmed.

*E. W. Fiske* and *L. W. Crofoot*, for appellants.

*Sterling & Clark*, for respondents.

CORSON, P. J. This was an action to foreclose a certain chattel mortgage on a stock of merchandise and a real estate mortgage executed by the defendants Mary Braun, Henry Braun, and Henry S. Shaper. Findings and judgment being in favor of the defendants, the plaintiffs have appealed. The court found that at the time of the trial there was apparently due the plaintiffs the sum of $1,779.87 on account of the mortgages executed to them, but it further found that the real estate mortgage was subsequent to, and subject to a lien of, one Peck, who had a prior mortgage upon said property, which had been foreclosed, and the property sold, and redeemed by plaintiffs for $1,009.41, by virtue of their subsequent mortgage. The court further found that the property at the time of the redemption was of the value of $3,000, and it concludes from its findings that the defendants should be credited with the full amount found due from them to the plaintiffs; that sum being less than the difference between the amount required to redeem the property from sale and the value of the property at the time of the redemption, and, giving the defendants the benefit of this credit, the mortgages, both real and personal, were satisfied, and thereupon entered judgment in favor of the defendants.

The principal question presented for our decision is: Were the defendants, upon the redemption of the property by the plaintiffs from the sale under the Peck mortgage, entitled to

have their indebtedness diminished to the extent of the difference between the value of the property redeemed at the time of the redemption and the amount paid by plaintiffs to redeem the property from the sale? The court's second conclusion of law is, in substance, that the effect of the said redemption was to satisfy and discharge all that remained of the said indebtedness apparently due from defendants, with interest thereon, and that, such redemption having been made, there was no further indebtedness due from the defendants Henry Braun, Mary Braun, and Henry S. Shaper to the plaintiffs. It is contended by the appellants that the court erred in its conclusion of law, and that the defendants were entitled to no diminution of their indebtedness by reason of the redemption. In other words, when the plaintiffs redeemed the mortgaged premises from the Peck sale, they were entitled to retain those premises under and by virtue of such redemption, and that the defendants were not entitled to any benefit arising from such redemption. It is contended by the respondents that, inasmuch as the plaintiffs acquired the right of redemption under and by virtue of their subsequent mortgage, and, having redeemed the property from the Peck sale for a little more than one-third of its value, the defendants were entitled in equity to be credited with the difference between the amount required to redeem the property and the value of the property at the time of the redemption; the amount of such difference being in excess of the amount found due the plaintiffs from the defendants. We are inclined to take the view that the court was right in holding that the defendants were entitled to the benefit of this excess of the value of the property over and above the amount paid by the plaintiffs to redeem the same. Our Code upon the subject of

redemption has divided redemptioners into two classes; the first including the judgment debtor and his successors in interest, and the second including those creditors having a subsequent lien by judgment or mortgage on the property sold. The latter class are termed redemptioners. When the redemption is made by the judgment debtor or mortgagor or his successors in interest, the effect of the sale is terminated, and he is restored to his estate. If the redemption, however, is made by a creditor or mortgagee having a subsequent lien by judgment or mortgage, subsequent creditors or mortgagees may redeem from him. But the latter, when they make the redemption, are required not only to pay the amount which such redemptioner has paid to redeem the property, but also the amount of such redemptioner's lien or subsequent mortgage. When, therefore, one creditor having a subsequent lien or mortgage makes a redemption, a second redemptioner must not only pay the amount paid by such prior redemptioner, but also any lien held against the property by such redemptioner; and such subsequent lien so paid by the second redemptioner is extinguished, and the original debtor or mortgagor is, in effect, credited with the amount so paid. Other subsequent creditors or mortgagees may redeem from a prior redemptioner in like manner. The last redemptioner, however, takes the place of the purchaser at the sale, and is entitled to a deed to the property, being, in effect, the assignee of the original purchaser. The effect, therefore, of successive redemptions, is to diminish the indebtedness of the original debtor or mortgagor to the extent of the several redemptions. But, as has been seen, it is contended by appellants that the last redemptioner, although the property may have been sold for much less than its true value, is not re-

quired to credit the debtor or mortgagor with the difference between the amount paid to effect a redemption and the value of the property at the time of the redemption, and that he is entitled to take the place of the purchaser, and hold the property free and clear of all subsequent liens, without the debtor or subsequent mortgagor receiving any benefit whatever. This would seem to be inequitable and unjust to the debtor or mortgagor as well as to the purchaser at the sale, and we cannot agree to this contention.

This question was fully considered and discussed by the supreme court of Minnesota in the case of Sprague v. Martin, 29 Minn. 226, 13 N. W. 34, in which it was held: "A redemption from foreclosure sale, by a judgment creditor of the mortgagor, of property exceeding in value the amount of the judgment and the sum paid to make such redemption, satisfied the judgment and extinguishes the right to make further redemptions by virtue of the same judgment." In the opinion that learned court says: "As the foreclosure proceeding by the mortgagee is a process by which the mortgaged property is applied to the payment of his debt secured thereby, so the successive redemptions by creditors are a proceeding for the enforcement of their respective liens, and applying the property to the satisfaction of debts thus secured. This is unquestionably the result of redemption by creditors intermediate; the purchaser at foreclosure sale and the last redemptioner. Suppose, for instance, that a mortgagee, A., becomes a purchaser at his foreclosure sale, not paying money, but, as is generally the case—and as was done in the case now before us—buying with his mortgage debt. Suppose B. and C. to be creditors of the mortgagors, having liens upon the property,

and having the right to redeem in the order named. B. redeems from A., paying the purchase price, with interest. C. redeems from B., paying the sum which B. had paid to make redemption and also the amount of B.'s lien, and, no other creditors redeeming, acquires an absolute title to the property in fee. As to A., the price for which he purchased is the sum which he consents to apply on his debt, in consideration of the title which the sale vests in him. To that extent his debt is satisfied. B., who by redemption from A. acquired the property subject to the right of redemption by creditors subsequent to himself, is divested of that property by the subsequent redemption only by the payment of his prior lien, and thus as to him the property is made to satisfy his debt, and C. becomes subrogated to his rights as a purchaser of the property. Only as to the last redemptioner does there seem any doubt as to the effect of the proceeding upon the debt and lien by virtue of which redemption is made. But why should the principle upon which all the proceedings in respect to foreclosure and redemption up to this point have been founded end here, or cease to be operative? As to prior creditors, including the mortgagee, the property has been made to apply in satisfaction, in whole or in part, of the debts by virtue of which successive interests in the property were acquired. Should the last redemptioner, alone, who acquires an absolute title to the property in fee by virtue of his debt and lien, just as preceding creditors had acquired a conditional fee, hold it, and still the debt by virtue of which he acquired it remain in no way affected? It cannot be that it was intended that as to the last redeeming creditor the right of redemption should be, in effect, a mere gratuity. In his case, as in that of credit-

ors prior to himself, the right of redemption depends upon the existence of a debt and a lien already acquired upon the property. Only as he is a creditor having a vested right to have the property applied to the satisfaction of his debt is he given this statutory right of redemption. * * * The same principle is applicable in the case of a junior mortgagee making a redemption under the statute, whereby he is invested, without a sale, with the title in fee of the property. * * * The statute not indicating the result, as respects the debt, of redemptions made according to its provisions, the court must determine it upon legal principles, whenever the question is presented for adjudication. So, too, the extent of the satisfaction of the debt in cases like the present, as measured by the value of the property, is necessarily left for adjudication whenever the issue is presented." The same view was expressed by the United States Circuit Court for the district of Minnesota in the case of Scripter v. Bartleson, 43 Fed. 259, in which that court, speaking of the Minnesota decisions from which we have quoted, says: "Not only do I feel bound to follow the ruling of the Supreme Court in this case, but I concur in it. I believe, where a man exercises this rather extraordinary right of redemption, which is really a proceeding of his own, and says, 'I redeem,' that, if the property redeemed is sufficient to satisfy his judgment, the judgment is satisfied, and is extinct."

The reasoning of these courts in these cases meets with our approval, and establishes an equitable and just rule. If, as contended for by the appellants, the plaintiffs in this action by their redemption from the Peck foreclosure sale, acquired an absolute title to the property by the redemption, it

would, in effect, as stated by the Minnesota Supreme Court in Sprague v. Martin, supra, be a mere gratuity extended to the plaintiffs, and enable them to acquire title to the property from the purchaser without subjecting them to any loss, and thereby deprive the purchaser of the benefit of his purchase. Certainly it could not have been the intention of the Legislature to authorize the subsequent mortgagee to redeem the property, and thus deprive the purchaser of the benefit of his purchase, unless the plaintiff's mortgage should thereby be regarded as paid and extinguished. Had there been any subsequent mortgagee, he might have redeemed from the plaintiffs; but, had he done so, he would have been compelled to pay not only the amount which the plaintiffs paid for their redemption, but he must also have paid the amount due the plaintiffs upon their mortgage, and thereby extinguished the plaintiffs' mortgage. We are clearly of the opinion, therefore, that the court's conclusions of law were correct, and that it properly held the plaintiffs' mortgage extinguished under the evidence in this case, establishing, as it did, that the property was of more than sufficient value to satisfy the amount the plaintiffs had paid for the redemption and the amount found due by the court upon their mortgages. The plaintiffs were given the option, therefore, under the statute, of redeeming the property and satisfying their own mortgage to the extent of the value of the property over and above the redemption money paid, or to allow the title of the purchaser to ripen into a deed, and thereby forfeit all rights to hold the property for the payment of their subsequent mortgage. But they availed themselves of their right to redeem the property, and thereby, in effect, extinguished their subsequent mortgage.

The appellants rely largely upon the cases of Van Horne v. McLaren, 8 Paige 285, and Emmet's Adm'rs v. Bradstreet, 20 Wend. 50, in which a different doctrine was held by the courts of New York. But these decisions were based upon their statute, which is quite different from the provisions of the Code of this state upon the subject of redemptions, while the provisions of the statute of Minnesota upon this subject are quite similar to our own. But, in any view of the case, the reasoning of the New York courts does not meet with our approval, and no satisfactory reasoning seems to be given why a subsequent mortgagee should have the right to redeem from a purchaser, and thereby deprive him of the benefit of his purchase, which such redemption does not have the effect to satisfy any portion of his own indebtedness. It is clearly inequitable and unjust to the purchaser, and apparently confers upon the redemptioner a benefit at the expense of the purchaser without any equitable or legal reason therefor. It is true it is said in these cases that it is so because the Legislature has so enacted the law, but it can hardly be presumed that the Legislature would have intended to enact a law in its effect so entirely unjust to pur chasers and to the subsequent mortgagee. Advance Thresher Co. v. Rockafellow, 16 S. D. 462, 93 N. W. 653.

It is further contended by the appellants that the foreclosure of the chattel mortgage was not in reality a foreclosure, but a mere substitution in the form of security. There was some conflict in the evidence upon this question, but we are unable to say that there was preponderance of the evidence against the findings of the court. In fact, we are inclined to agree with the court that the evidence fully sustained its findings upon this question. No useful purpose would be served

by a reproduction of the evidence, which is very voluminous, upon this branch of the case.

It is further contended by the appellants that the court erred in excluding certain evidence offered by the plaintiffs, but we are of the opinion that there was no error on the part of the court in excluding such evidence, and in view of the length of this opinion we do not deem it necessary to enter upon a discussion of these rulings at this time.

It is further contended that the court erred in reopening the case after the case was submitted to it, and permitting the defendants to introduce certain evidence which had inadvertently been omitted on the trial of the case. It would seem from the record in this case that there were a very large number of letters, documents, and records introduced in evidence, aggregating 100 or more, and that in the course of the trial the defendants had omitted to formally introduce in evidence the subsequent mortgage upon which the plaintiffs made the redemption and the notice of such redemption. The inadvertence was explained by the affidavit of counsel for defendants, and we are of the opinion that there was no abuse of the discretion of the court in opening up the case and permitting the defendants to supply proof. Matters of this kind are very largely in the discretion of the trial court, especially when trying a case without a jury; and unless there was clearly an abuse of such discretion the ruling of the court will not be disturbed. Citizens' Bank v. Shaw, 14 S D. 197, 84 N. W. 779.

Finding no error in the record, the judgment of the circuit court is affirmed.