PONCA STATE BANK, Respondent, v. ADEBAR et al.,
Appellants.

(152 N. W. 703.)

(File No. 3546.   Opinion filed May 24, 1915.)

1.  Mortgages—Subsequent Mortgagee, Purchase of Prior Mortgage
    Foreclosure Certificate by—Deed Under Prior Certificate,
    Grantee as Equitable Redemptioner—Excess Value of Mort-
    gaged Lands—Mortgagor's Right to Judgment Against Subse-
    quent Mortgagee for Excess Value—Analogy Statutory Re-
    demption.

    Where plaintiff bank, mortgagee of land admittedly worth
    $8000, and of another quarter section, purchased for $1,695,
    a prior sheriff's sale certificate on mortgage foreclosure cover-
    ing the land worth $8,000, in exercise of its right of reaemption
    to protect the lien of its subsequent mortgage, and took sheriff's
    deed thereunder, held, 'that the effect of such deed was to con-
    vey to plaintiff absolute title without satisfying any part of its
    mortgage or paying any part of another mortgage intervening
    between the two already mentioned, which intervening mortgage
    was merged in a foreclosure decree thereunder; that such re-
    demption was diffrent from that of a statutory redemption, in
    that the effect of the latter mode of redemption would have
    been to add to plaintiff's mortgage debt the amount paid to
    redeem, and a sale of the land under plaintiff's foreclosure
    judgment would have been necessary, the result of which
    would have been a substantial surplus for defendant mort-
    gagor.  Held, further, that plaintiff had no right, in any event,
    to more than enough to satisfy its deed, with interest and costs,
    and if by proceeding as it did, it has taken more than it was
    entitled to, it should make restitution to the extent of the
    surplus, and defendant mortgagor and those claiming under
    him are entitled to judgment against plaintiff for the amount
    of the surplus.  Held, further, that plaintiff is not bo nd to pay
    said intervening mortgage debt, said mortgage having been
    obliterated by the prior mortgage foreclosure merged in said
    sheriff's deed.

2   Pleadings—Supplemental Answer After Judgment and Appeal—
    Statute.

    Under Code Civ. Proc., Sec. 154, allowing either party to an
    action, by leave of court, to make supplemental complaint or
    answer alleging facts occuring after judgment, held, that de-
    fendant, in a suit to foreclose a mortgage, may, after judgment
    of foreclosure and appeal therefrom to the Supreme Court, file
    supplemental answer alleging that plaintiff mortgagee had pur-
    chased a prior foreclosure sale certificate and taken out deed

thereunder, and so was a redemptioner, and praying an affirmative judgment against plaintiff for the alleged excess value of the mortgaged land above plaintiff's mortgage plus the amount of said foreclosure sale certificate, and that plaintiff's mortgage lien be declared satisfied.

Appeal from Circuit Court, Jerauld County. Hon. FRANK B. SMITH, Judge.

Action by the Ponca State Bank against Adolph H. Adebar and others to foreclose a realty mortgage. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed, and remanded for further proceeding.

*Null & Royhl,* for Appellants.

*S. A. Ramsey,* for Respondent.

(1) Under point one of the opinion, Appellants cited: Work Bros. v. Braun, 19 S. D. 437, affirmed on rehearing in 23 S. D. 582, 5 L. R. A. Note pp. 282-3.

Respondent submitted that: D. J. Donahoe is entitled to an execution upon the quarter sections of land described in the decree of court, in his case, to sell all the land described in his decree, subject only to the right of redemption of the defendants and appellants, and he would have the right to sell one or both quarters described in his mortgage and in the decree.

(2) Under point two of the opinion, Respondent submitted that: To allow a supplemental answer would establish a bad precedent, and it would have a tendency to prolong this litigation.

POLLEY, J. This cause is here on appeal from a decree of foreclosure of a real estate mortgage, and, in addition to the matters presented by the printed record upon appeal, there is also before the court at this time the application of the defendants H. A. Adebar and Gustave Adebar, for leave to file a supplemental answer.

[1] In their proposed supplemental answer, which is submitted with their application, said defendants allege that, during the month of August, 1910, defendant H. A. Adebar executed and delivered to one D. J. Donahoe a mortgage on the N. E. ¼ of section 25 and the N. W. ¼ of section 26, in a certain township in Jerauld county, to secure a promissory note for $1,690.21, and that said mortgage was foreclosed by decree of court on

the 20th day of May, 1913; that in September, 1910, said H. A. Adebar executed another mortgage on the same property to secure a note for $6,880.96, which note and mortgage are now owned by plaintiff herein; that this latter mortgage was foreclosed by decree of court, in June, 1913, and that it is from this latter decree of foreclosure that this appeal is taken; that in September, 1906, the then owner of the N. E. ¼ of section 25 executed a mortgage thereon, which mortgage was foreclosed by advertisement in May, 1913; that on or about the 2d day of June, 1913, the sheriff's certificate of sale issued upon said foreclosure by advertisement was assigned to this plaintiff for $1,695; that on or about the 14th day of May, 1914, no redemption having been made from said sheriff's sale, this plaintiff procured a sheriff's deed to said land, and that plaintiff is now asserting title to said land under said sheriff's deed; that the said N. E. ¼ of section 25 is reasonably worth $12,800. It is further alleged that in the month of June, 1907, defendant H. A. Adebar, by deed, conveyed the N. W. ¼ of section 26 to defendant Gustave Adebar, whereby said Gustave Adebar became the absolute owner of the N. ½ of said quarter section of land and took and held the S. ½ thereof as security for a debt of $1,900 due him from the said H. A. Adebar, but that said deed was not placed of record until after the execution of the mortgages now owned by plaintiff and said Donahoe.

To this proposed supplemental answer, plaintiff has submitted a reply, in which the facts alleged in said answer are admitted, except that the value of the N. E. ¼ of section 25 is placed at $8,000.

The mortgage under which the above-mentioned sheriff's deed was issued was senior to the mortgages of plaintiff and Donahoe. The deed to plaintiff, therefore, conveyed the title to this land, freed from the liens of these two mortgages, and the effect of the execution of this deed was to convey to plaintiff the absolute title to the N. E. ¼ of section 25, without satisfying any part of its mortgage or paying any part of the Donahoe mortgage. Thus it has, for $1,695, acquired absolute legal title to property alleged to be worth $12,800, and which it admits to be worth $8,000, and is now in a position to apply the other quarter section to the payment of its judgment, subject, of

course, to the lien of the Donahoe decree of forclosure. This, defendants contend, plaintiff should not · be permitted to do; that having acquired title to property greater in value than the amount of plaintiff's debt, plus the amount paid for the sheriff's certificate of sale and the Donahoe mortgage as well, plaintiff should be compelled to satisfy and discharge the Donohoe mortgage; and that it should be decreed that plaintiff's decree of foreclosure was satisfied by the execution and delivery of the said sheriff's deed. Defendants' contention is based upon the conclusion reached by this court in the case of Work et al. v. Braun et al., 19 S. D. 437, 103 N. W. 764; Id., 23 S. D. 582, 122 N. W. 608. In that case the amount apparently due the plaintiff's on their mortgage was $1,779.87, but their mortgage was subsequent to, and subject to, the lien of a prior mortgage which had been foreclosed and the property sold and redeemed by plaintiffs for $1,009.41, by virtue of their subsequent mortgage. At the time of the redemption, the property redeemed was worth $3,000. The plaintiffs contended that they were entitled to retain the premises redeemed under and by. virtue of such redemption, and that defendants were not entitled to any benefit arising from such redemption or any credit upon plaintiff's claim against them. On the other hand, it was contended by defendants that, inasmuch as the plaintiffs acquired their right of redemption under and by virtue of their subsequent mortgage and redeemed the property for little more than one-third of its value, the defendants were entitled, in equity, to be credited with the difference between the amount required to redeem the property and the value of the property at the time of the redemption. The question presented, as stated by the court, was:

"Were the defendants, upon the redemption of the property by the plaintiffs from the sale under the Peck mortgage, entitled to have their indebtedness diminished to the extent of the difference between the value of the property redeemed at the time of the redemption and the amount paid by plaintiffs to redeem the property from the sale?"

It was held that defendants were entitled to such credit. This doctrine was applied in Scripter v. Bartleson (C. C.) 43 Fed. 259, and in Sprague v. Martin, 29 Minn. 226, 13 N. W. 34, where it is said:

"It is true there is no provision made by statute as to the effect of redemption by creditors, as respects the debt, but it does not follow that the redemption is not a satisfaction of the debt to the extent of the value of the property, less the sum paid to effect redemption. There is nothing in the statute to forbid such a result, and it is consistent with equity and the analogies of the law."

The question here presented is identical with that in Work v. Braun, supra, and the same rule should be applied.

While the plaintiff purchased the certificate of sale executed upon the foreclosure of the prior mortgage and acquired his title in that manner, it was done in the exercise of its right of redemption for the purpose of protecting the lien of its subsequent mortgage, and it should be treated as a redemptioner. Advance Thresher Co. v. Rockafellow, 16 S. D. 462, 93 N. W. 652. The effect, however, was not, in all respects, the same as though plaintiff had proceeded to redeem in the manner set out in the statute. Had it redeemed in the statutory manner, the effect would have been to add to plaintiff's mortgage debt the amount paid to redeem. In order, then, to have applied the mortgaged property to the payment of its debt, it would have been necessary to have issued execution and caused a sale of the mortgaged property. The mortgaged property is alleged to have been worth $12,800, and it is presumed that, if it had been sold in the usual manner, it would have brought its full value. The result would have been that, after paying the amount of plaintiff's debt, including the amount paid to redeem, there would have been a substantial surplus for the defendant H. A. Adebar. Plaintiff had no right, in any event, to more than enough to satisfy its debt, with interest and costs, and if by proceeding as it did, it has taken more than it was entitled to, it should make restitution to the extent of the surplus.

The defendants H. A. Adebar and Gustave Adebar are entitled to have plaintiff's claim against defenadnt H. A. Adebar satisfied to the extent of the value of the N. E. ¼ of said section 25, at the time of the execution of the said sheriff's deed, and defendant H. A. Adebar is entitled to judgment against the plaintiff to the extent of the excess in case the value of the land at the time of the execution of said sheriff's deed exceeded the

said indebtedness.   But, while these defendants are entitled to this relief at the hands of a court of equity, we know of no principle of law or equity that would require the plaintiff, under the circumstances disclosed by the record in this case, to pay or satisfy the Donahoe mortgage.   As to the N. E. ¼ of section 25, the lien of that mortgage has been completely obliterated by the foreclosure of the prior mortgage; and, if plaintiff's mortgage is to be satisfied because of having acquired title to that tract of land, then it has no further interest in the N. W. ¼ of section 26.

[2] It is our conclusion that defendants should be allowed to file their supplemental answer, and that plaintiff should be allowed to file its reply thereto.   But, in order to grant the relief sought by defendants, it will be necessary to remand the cause to the trial court to have the new issue tendered by defendants' supplemental answer and plaintiff's reply thereto determined by that court, and the application, coming as it does after the entry of decree of foreclosure and the appeal therefrom, presents a question of practice that is altogether novel in this jurisdiction. The relief prayed for by the defendant is practically identical with the relief granted in Work v. Braun, supra, but in that case the facts upon which defendants' right to relief was based existed at the time of the commencement of the action and were pleaded as a defense by defendants in their answer.   In this case, on the other hand, the facts upon which defendants' right to relief is based did not occur until after the action had been commenced and decree of foreclosure entered.   Therefore those facts could not have been pleaded in the answer.

The right to file a supplemental pleading is recognized by the statute.   Section 154, Code Civ. Proc. By the provisions of that section, plaintiff or defendant, by leave of court, may file a supplemental complaint, answer, or reply, as the case may be, alleging material facts that occurred after the filing of the former complaint, answer, or reply.   The language of this section is broad, indeed.   It not only permits the pleading of any fact that occurred subsequent to the former pleading, but it contains no limitation as to the time when supplemental pleadings may be filed.   So far as any restrictions are to be found in the statute, the supplemental pleading may be filed in a proper case

as well after trial and judgment, or after appeal to this court, as before. In short, the statute is merely an enactment of a rule of equity pleading that has been in use since time immemorial. In Story's Equity Pleading, at section 338, the rule is stated as follows:

"* * * A supplemental bill may also be filed, as well after as before a decree; and the bill, if after a decree, may be, either in aid of the decree, that it may be carried fully into execution, or that proper directions may be given upon some matter omitted in the original bill, or not put in issue by it, or by the defense made to it."

In the second paragraph of the syllabus in Drought v. Curtis et al., 8 How. Prac. 56, the rule is stated as follows:

"When the facts sought to be pleaded in a supplemental answer amount to an entire satisfaction of the cause of action, and, if established, would utterly extinguish the plaintiff's right to prosecute it, it is the duty of the court to allow the motion; and it will make no difference whether the application be made at the earliest day or not."                                        ffl

In State ex rel. v. District Court of Ramsey County, 91 Minn. 161, 97 N. W. 581, it is held:

"A supplemental pleading may be allowed after judgment as well as before, in the furtherance of justice."

And, for a general discussion of the subject and citation of authorities, see 31 Cyc. 506-509.

The statute, as well as the rule, permits the filing of supplemental pleadings at any stage of the proceeding before the judgment of the trial court becomes final, whenever it may be necessary in order to do justice between the parties.

The judgment of the lower court is affirmed. The defendants are granted leave to serve and file in the circuit court the supplemental answer as prayed for. The circuit court is directed to ascertain the value of said N. E. ¼ of said section 25 at the time of the execution of the said sheriff's deed upon foreclosure and to credit upon plaintiff's judgment, as of the date of such deed, the value of said land as so found, less the amount it paid to redeem said land and interest on such amount paid to date of said deed; and, if such court shall find the amount of such credit to exceed the amount due plaintiff under its judgment

herein, such court shall direct the satisfaction of such judgment and enter judgment in favor of defendant H. A. Adebar against plaintiff for such excess. If it should be found that the value of the N. E. ¼ of section 25 is not sufficient to satisfy plaintiff's claim after deducting the amount that was paid to redeem the prior mortgage, then plaintiff should be of course, to the Donahoe mortgage.

There is an apparent error in the supplemental answer. Plaintiff is alleged to have a mortgage on the N. E. ¼ of section 25, without making any mention of the other tract of land, while, from the reply of the plaintiff and the other papers in the record, the mortgage appears to cover both tracts. We mention this in order that the error, if there be an error, may be cured by amendment in the trial court.

Remanded for further proceedings, as herein suggested.