MULLER, Appellant, v. HARRISON, Respondent.

(192 N. W. 750.)

(File No. 5225.  Opinion filed March 14, 1923.)

1. **Mortgages — Foreclosure — Redemption — Subsequent Mortgagee Redeeming Cannot, by Taking Assignment of Sale Certificate, Defeat Redemption Rights of Junior Mortgagee; "Redemptioner;" "Assignee of Purchaser."**

   Where a junior mortgagee obtained an assignment of the certificate of mortgage sale from the holder, and on expiration of the redemption year obtained a sheriff's deed under such certificate, he was a "redemptioner" and not an "assignee of purchaser" within the meaning of Rev. Code 1919, Secs. 2686, 2890 and under sections 2682 and 2887 another junior mortgagee was entitled to redeem within 60 days after assignee's redemption.

2. **Mortgages—Foreclosure—Redemption—Redemption Statutes Liberally Construed.**

   Redemption statutes are remedial in their nature, and should be liberally construed.

3. **Mortgages—Foreclosure—Redemption—Grantee For Benefit of Creditors Entitled to Redemption; "Redemptioner."**

   Where the grant to plaintiff as a trustee for the grantor's creditors is in fact a mortgage, the grantee is clearly within the definition of a "redemptioner" under Rev. Code 1919, Sec. 2887, and therefore entitled to redeem from the purchaser at the mortgage sale, or redemptioner thereunder, and is not as such trustee the successor of the mortgagor.

Appeal from Circuit Court, Davison County; HON. FRANK B. SMITH, Judge.

Action by Henry A. Muller against R. J. Harrison to redeem from mortgage foreclosure sale.  From a judgment for defendant and an order denying a new trial, plaintiff appeals.  Reversed and remanded.

*Roscoe Satterlee,* of Mitchell, and *Jones, Muller & Conway,* of Sioux Falls, for Appellant.

*T. J. Spangler,* of Mitchell, for Respondent.

(1)  To point one of the opinion, Appellant cited:  19 R. C. L. 638, Sec. 455; N. Dak. Horse & Cattle Co. v. Serumgard, 171 N. W. 453; Sec. 2887, Rev. Code 1919; Work et al v. Braum et al, 103 N. W. 764; Advance Thresher Co. v. Rockafellow, 93 N. W. 652; Ponca State Bank v. Adebar (S. D.), 152 N. W. 703; Sprague v. Martin 13 N. W. 34.

Respondent cited: Rev. Code 1919, Sec. 2890; 27 Cyc. 1886, Sec. 2 and note; Van Camp v. Weber, 27 S. D. 276; Franklin v. Jameson, 109 N. W. 56; Deadwood v. Fair Association, 2 S. D. 145; Thompson v. Brown, 10 S. D. 344; Kirby v. Howie, 9 S. D. 471; Bank v. Cerf, 75 Pac. 902; Marston v. White, 27 Pac. 588; Powers v. Larabee, 57 N. W. 789.

GATES, J. This is an appeal by plaintiff from a judgment and order denying new trial, wherein plaintiff, a fourth mortgagee of real property, was denied the right to redeem from a mortgage foreclosure sale under the second mortgage.

The principal question in this case is whether defendant was a redemptioner within the meaning of sections 2682 and 2887, Rev. Code 1919, or was the assignee of the purchaser at the foreclosure sale within the meaning of section 2890 and of the first clause of section 2686, Rev. Code 1919.

The second mortgage on the premises had been foreclosed by advertisement by a sale on April 27, 1918. Defendant, the holder of the third mortgage, obtained an assignment of the certificate of mortgage sale from the holder thereof on April 22, 1919, and filed same in the register of deeds' office on April 26, 1919. On April 28, 1919, he obtained a sheriff's deed under such assigned certificate. On April 29, 1919, plaintiff, the holder of the fourth mortgage, applied to defendant for leave to redeem, which was refused, and on June 23, 1919, this action was begun.

[1] If defendant was strictly the assignee of the holder of the certificate, the right of plaintiff to redeem expired at the termination of one year from the date of sale. Rev. Code 1919, § 2686.

If defendant was in fact a redemptioner, then plaintiff should have been permitted to redeem. Rev. Code 1919, sections 2887, 2684. Said section 2684 says in part:

"If the property is so redeemed by a redemptioner, another redemptioner may, even after the expiration of one year from the day of sale, redeem from such last redemptioner; provided, the redemption is made within sixty days after such last redemption."

Under the provisions of section 2688, Rev. Code 1919, at the time he secured from the sale certificate holder an assignment of the certificate, the defendant might have redeemed from such sale

by paying the money either to the certificate holder or to the sheriff. In such case the plaintiff would have had 60 days within which to make redemption therefrom under his fourth mortgage. The certificate holder was under no obligation to assign the certificate of sale to the defendant when he received from defendant the full amount due. The question then is: Could the certificate holder, by assigning the certificate of sale to defendant, instead of giving him a certificate of redemption, deprive this plaintiff of that portion of his 60-day period to redeem which went beyond the ordinary one-year period of redemption. It seems to us that the question answers itself in the negative. Otherwise the fact of whether a subsequent incumbrancer was a redemptioner or an assignee would depend wholly upon the whim of the holder of the certificate of sale. Such would be intolerable. Defendant calls our attention to the text of 27 Cyc. 1866, par. 2, which apparently supports his contention, but the cases cited in the note arose under entirely different facts, and are largely where the assignee of the certificate sought to tack his other lien on to the lien of the certificate.

In Ponca State Bank v. Adebar, 35 S. D. 480, 152 N. W. 703, this court said:

"While the plaintiff purchased the certificate of sale executed upon the foreclosure of the prior mortgage and acquired his title in that manner, it was done in the exercise of its right of redemption for the purpose of protecting the lien of its subsequent mortgage, and it should be treated as a redemptioner."

[2] See, also, Advance Thresher Co. v. Rockafellow, 16 S. D. 462, 93 N. W. 652; Work v. Braun, 19 S. D. 437, 103 N. W. 764; Id., 23 S. D. 582, 122 N. W. 608.

"Redemption statutes are remedial in their nature, and are intended, not only for the benefit of creditors holding liens subsequent to a lien in process of foreclosure, but more particularly for the purpose of making the property of the debtor pay as many of his debts as it can be made to pay, and to prevent its sacrifice, and should be liberally construed." 19 R. C. L. 638.

If there were doubt in our minds as to the proper solution of the question, which there is not, the above rule and the prior decisions of this court would compel the conclusion at which we have arrived.

[3]   The trial court clearly erred in concluding that defendant was not a redemptioner.   The trial court also erred in concluding that plaintiff was not a redemptioner.  Plaintiff was the grantee in a deed, which was in fact a mortgage, as trustee for creditors of the grantor.   As such he came clearly within the definition of a redemptioner as found in section 2887, Rev. Code 1919.   He was not, as claimed by defendant's counsel, a trustee for the grantor, the successor of the mortgagor.   He was a trustee for the creditors of the grantor.

Under the facts as found by the trial court the plaintiff was entitled to judgment permitting him to redeem.

The judgment and order appealed from are reversed, and the cause remanded for further proceedings in harmony with this opinion.

Note—Reported in 192 N. W. 750.  See American Key-Numbered Digest, (1) Mortgages, Key-No. 607, 27 Cyc. 1866; (2) Mortgages, Key-No. 592, 27 Cyc. 1800; 19 R. C. L. 638; (3) Mortgages, Key-No. 607, 27 Cyc. 1811, 19 R. C. L. 641.

As to whether the purchaser or mortgagee from the original owner, after a sale under a prior mortgage, and during the redemption period, may be a redemptioner, see note in 29 L. R. A. (N. S.) 508.